| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------------x<br>In re:<br><br>**IMAGE RENT A CAR, INC.**<br><br>                            Debtor(s)<br>-------------------------------------------------------------------x | HEARING DATE: AUGUST 15, 2011<br>HEARING TIME: 11:00 A.M.<br><br>Chapter 7<br><br>Case No.: 1-11-42390-jbr |

### DEBTOR'S MOTION TO QUASH NON-CREDITOR'S MOTION FOR AN ORDER AUTHORIZING RULE 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS

Debtor respectfully moves this Court to deny the Applications of Digby Adler Group, LLC., d/b/a/ Bandago, by its attorneys, Daniel Gershburg , Esq., P,C., for an Order granting it leave to issue a Subpoena compelling the attendance of and production of documentary evidence from the president of the Debtor, Mr. Shneior Zilberman, representative of Van Rental Co., Inc., because Bandago does not having standing to make such an application because it is a non-creditor and because of the following:

### JURISDICTION & VENUE

This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### STATEMENT OF THE FACTS

On, March 24, 2011, Image Rent A Car, Inc., (Image), the Debtor in the above styled proceeding, filed a Voluntary Chapter 7 Petition with the United States Bankruptcy Court for the

Eastern District of New York. On Schedule F attached to its voluntary petition, Image listed Digby Adler Group, LLC D/B/A Bandago, (Bandago) as a creditor with the amount outstanding as owing equal to zero dollars ($0.00). The reason Image listed Bandago on Schedule F was purely for purposes of giving Bandago notice of the filing, not to admit any monetary liability or that Bandago had a right to payment from Image.

Image does not currently nor has ever previously contracted with Bandago for services nor has it ever ordered goods from Bandago. In additional, Bandago has never obtained a money judgment or any other type of judgment against Image from any court or tribunal of competent jurisdiction.

Although this action was commenced approximately four and a half months ago, Bandago has failed to file a notice of claim or contest in any fashion the lack of funds reflected as owing on Schedule F. Schedule F was prepared by Image with the clear intent of giving notice to Bandago that Image contests the very notion that it owes Bandago anything.

One of the only reasons why Image was forced into filing bankruptcy protection was because the very cost of defending and proving that the lawsuit initiated by Bandago over alleged cybersquatting, trademark infringement, etc. was frivolous, triggered Image's insolvency. It was the cost of defending the suit was the very straw that broke the proverbial camel's back.

On, May 5, 2011, Bandago fully attended the 341(a) Meeting of Creditors over strenuous objections by the Debtor to the Trustee. At the meeting Image responded to several question asked by Bandago and it had a chance to thoroughly question the Debtor.

On July 15, 2011, Bandago filed a Motion pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("the Bankruptcy Rules"), for an Order Granting Leave to Issue a Subpoena and Compel Attendance and Submission of Documentary Evidence.

**RULE OF LAW**

Standing is a jurisdictional requirement which is open to review at all stages of the litigation." *In re Cross, 203 B.R. 456, 457 (C.D.Cal. 1996)*, *rev'd on other grounds*, 218 B.R. 76 (9th Cir. BAP 1998). Under specific circumstances, on motion of any "party in interest," a court may order the examination of any entity. *USCS Bankruptcy R 2004.* Bankruptcy Rule 2004 entitled "Examination" is a discretionary discovery device, which permits the Court to weigh the respective interests of the parties. "On motion of any party in interest, the court *may* order the examination of any entity." *Bankruptcy Rule 2004(a) (emphasis added); In re Jewelers Shipping Asso., 97 B.R. 149 (Bankr. D.R.I. 1989).* Examinations under Rule 2004 will not be permitted where the court determines that while the entity seeking the examination is generally entitled to the Rule's broad utility, the circumstances do not justify the granting of a motion to conduct such an examination. *see 6 Bankr. L. Ed., Rules Commentary and Analysis § 52:21, p. 31.*

When interpreting the meaning of Code terms such as "party in interest", a bankruptcy court is governed by the Code's purposes. *See Kokoszka v. Belford, 417 U.S. 642, 645-46, 41 L. Ed. 2d 374, 94 S. Ct. 2431 (1974).* Support for the following view, is found in the Code's legislative history, which suggests that, notwithstanding the use of the term "party in interest", it is only *creditors* who may obtain relief from the automatic stay. *In re Comcoach Corp., 698 F.2d 571, 573 (2d Cir. N.Y. 1983)(emphasis added).* In, *In re Toar Train Partnership, 15 B.R. 401 (Bankr. D. Vt. 1981)*, the court held that a judgment creditor of a creditor of the bankrupt was not a "party in interest" because the judgment creditor was not itself a direct creditor of the bankrupt. *See* 15 B.R. at 402. As a stranger to the proceeding a non-creditor should not qualify to seek relief granted solely to a "party in interest." *see Id.*

The Code in pertinent part defines a creditor as an entity that has a claim against either the debtor or the estate, arising at certain specified times. A claim means a "right to payment," or "a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment," *In re Comcoach Corp., 698 F.2d 571, 574 (2d Cir. N.Y. 1983).*

For a person to be a "creditor" in a bankruptcy case, he/she must have a "claim" against the debtor. That claim must have arisen (or be deemed to arise) at the time of or prior to the filing of a debtor's petition or the order for relief. The term "claim" is specifically defined by the Bankruptcy Code. *In re UNR Indus., 71 B.R. 467, 471 (Bankr. N.D. Ill. 1987).*

(5) The term "claim" means--

(A) <u>right to payment</u>, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. *11 USCS § 101 (emphasis added)*

After the filing of a petition under this section but before the case is dismissed or relief is ordered, a creditor holding an unsecured claim that *is not contingent* . . . may join in the petition. *11 USCS § 303 (emphasis added).* The Bankruptcy Code excludes as petitioning creditors those creditors whose claims are 'contingent as to liability'". *In re Gill Enterprises, Inc., 15 B.R. 328, 4 C.B.C.2d 1312 (Bkrtcy.D.N.J.1981).* A contingent claim is one where liability attaches upon the occurrence of a future event. *In re Duty Free Shops Corp.,* 6 B.R. 38, 39 (Bkrtcy., S.D.Fla. 1980). The Bankruptcy Act of 1898 (Act) in § 59(b) required that petitioning creditors in

involuntary petitions have "provable claims not contingent as to liability." From 1952 to 1962, § 59(b) read slightly differently and required that petitioning creditors have "provable claims liquidated as to amount and not contingent as to liability." *In re Bowers, 16 B.R. 298 (Bankr. D. Conn. 1981).*

 The principal purpose of the Bankruptcy Code is to grant a "fresh start" to the "honest but unfortunate debtor". *Marrama v. Citizens Bank, 549 U.S. 365, 127 S. Ct. 1105, 1107, 166 L. Ed. 2d 956 (2007).* The "fresh start" is explained by the Ninth Circuit Bankruptcy Appellate Panel in *Albarran v. New Forms, Inc. (In re Albarran), 347 B.R. 369, 379 (9th Cir. BAP 2006).* The general policy of bankruptcy law favors allowing an honest debtor to discharge debts and to make a fresh start free from the burden of past indebtedness. *See Lines v. Frederick, 400 U.S. 18, 19, 91 S. Ct. 113, 27 L. Ed. 2d 124 (1970).* Thus, because a debtor in bankruptcy is assumed to be poor but honest, there is a presumption that permitting non-creditors to cause the debtor to incur new costs that would prevent the fresh start should not be permitted. See Brown v. Felsen, 442 U.S. 127, 128-29, 99 S. Ct. 2205, 60 L. Ed. 2d 767 (1979); Hon. Barry Russell, BANKRUPTCY EVIDENCE MANUAL P 301.60, p. 870 (2006 ed.).

 Grogan v. Garner, in further explaining the "fresh start" policy of the Bankruptcy Code, states that "a central purpose of the Code is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.' *Local Loan Co. v. Hunt, 292 U.S. 234, 244, 54 S. Ct. 695, 699, 78 L.Ed. 1230 (1934)."* 498 U.S. 279, 286, 111 S. Ct. 654, 659 112 L. Ed. 2d 755 (1991).

 When a Debtors fresh start is in jeopardy and the Trustee in Debtor's Chapter 7 case does not express support for a motion because he found no red flags, no reason to perform additional

investigation, and that no assets or value for the defunct corporations exist, a bankruptcy court should deny the same motion when it would interfere with the debtor's ability to receive a fresh start. s*ee Patrick v. Lewis (In re Lewis), 2007 Bankr. LEXIS 4402, 38-40 (Bankr. D. Mont. Dec. 28, 2007).*

## ANALYSIS

The issue before this Honorable Bankruptcy Court is whether Bandago is entitled to examine the Debtor even though its claim is "contingent" upon events yet to be resolved and has arguably accepted the Debtors assertion that it is not owed any money by Van Rental.

In the case at bar, Image never requested services or ordered goods from Bandago. Also, Bandago failed to move this court to recognize that it has a right to payment.

Since Bandago is not owed any money by Image, it does not have a right to payment and thus it is neither a Creditor nor a party of interest for purposes of Rule 2004.

Acceptance by Bandago that it is not owed any money is a reasonable assumption considering that it had access to the Petition and could clearly see that the amount claimed as being owed to it is zero dollars. The lawsuit brought by Bandago is merely proof that it believed that was entitled to some possible remedy.

Because claims made in lawsuits are subject to rigorous scrutiny by the very court reviewing the suit, the opposing party defending assertions made and any appellate court reviewing a final decision, it seems reasonable to assume the remedy that Bandago "may" be entitled to, as a result of its unlikely successful prosecution of its action, is injunctive relief not monetary damages.

Whether Bandago is entitled to a remedy is "contingent" upon it proving that its claims are valid and that it is entitled to monetary damages as a result thereof and not purely injunctive relief. Whether Bandago can prove its case to the court reviewing its claims is questionable.

Whether its grievances are of the type that will entitle Bandago to monetary damages is also questionable. Furthermore, even if Bandago 1) succeeds in proving its case, and 2) shows that it is entitled to relief as a matter of law, it is highly questionable that the relief requested will be granted in the form of monetary damages not simply injunctive relief. After all, injunctive relief is one of the preferred remedies in resolving business and contractual disputes.

Since Bandago has accepted the Debtor's assertion that it does not owe any money to it and because the alleged debt is contingent upon a finding by the court reviewing its request for relief that it is entitled monetary damages and it is further possible any relief obtained in its suit could simply be for injunctive relief, Bandago is neither a creditor nor a party of interest for purposes of Rule 2004.

Here, the Court's appointed Bankruptcy Trustee, has not raised any grounds for additional investigation. He has not stated that he has seen any red flags or indicia that would indicate that Image has been less than forthcoming.

Since the Trustee does not support Bandago's Motion the Movant is neither a Creditor nor a party of interest for purposes of Rule 2004

The debtor has expended some of its very few last resources in filing for Chapter 7 Bankruptcy protection. It simply does not have money to pay for a drawn out examination by a non-creditor.

Since the cost of a Rule 2004 examination by the Bandago would likely prevent Van Rental from obtaining a fresh start and Bandago is neither a Creditor nor a party of interest for purposes of Rule 2004, granting a lengthy examination would be inapposite.

**CONCLUSION**

WHEREFORE, Image Rent A Car, Inc., request that this Honorable Bankruptcy Court deny Digby Adler Group, LLC D/B/A Bandago, motion for an Order Granting Leave to Issue a Subpoena and Compel Attendance and Submission of Documentary Evidence because 1) Bandago already had a chance to question Image at the Meeting of Creditors, 2) Bandago is not a party in interest because it is not a creditor for purposes of bankruptcy, 3) permitting an examination would prevent Image from receiving a fresh start, 4) Bandago apparently accepted Image's assertion that it was not owed any money by the Debtor, 5) Bandago never provided any services or goods to Image, 6) Bandago's claim against Image is contingent, and 7) Bandago does not have standing to request a 2004 Examination of Image.

Dated:    Brooklyn, New York
          August 8, 2011

Respectfully submitted,

By: s/ Joseph Y Balisok
Joseph Y Balisok
Attorney for Debtor
1650 Eastern Parkway, Ste 303
Brooklyn, NY 11233
Tel. No. (718) 928-9607
Email: jyb@balisoklawyers.com