| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | Hearing Date & Time:<br>**February 6, 2012 at 2PM** |

------------------------------------------------------------X

In Re:

      **IMAGE RENT A CAR, INC.,**

                              Debtor.

**Chapter 7**

**Case No. 11-42390 (JBR)**

------------------------------------------------------------X

## DEBTOR'S OBJECTION TO DIGBY ADLER GROUP, LLC'S MOTION TO COMPEL DISCOVERY

**TO:    THE HONORABLE JOEL B. ROSENTHAL**
          **UNITED STATES BANKRUTPCY JUDGE**

JOSEPH Y. BALISOK, Attorney for the Debtor, and an attorney-at-law, duly admitted to practice before the United States District and Bankruptcy Courts for the Southern and Eastern Districts of New York, affirms under the penalty of perjury as follows:

1.      On March 24, 2011, (the "Petition Date"), Image Rent A Car, Inc., the Debtor (hereinafter "Debtor" or "Image"), filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

2.      I, a member of the law firm of the Law Offices of Joseph Y. Balisok, LL.M. (Tax) P.C., am the Debtor's Attorney herein, and am fully familiar with the facts and circumstances of this case.

3.      This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

4.      On July 15, 2011, Digby Adler Group, LLC, (hereinafter "Digby") filed an Application through its attorney, Mr. Daniel Gershburg, (hereinafter "Mr. Gershburg"), for an Order granting it leave to issue a Subpoena compelling Mr. Shneior Zilberman as a

representative of Image to produce documentary evidence on a date certain and to submit to an examination on August 25, 2011 at 2:00 p.m. (ECF: Case 1-11-42390-jbr Doc 14-1 Filed 07/15/11 Entered 07/15/11 11:49:20).

    5.    On the concurrently filed "Exhibit B," Mr. Gershburg demanded the following for production by the Debtor:

"Document Requests

(1) Federal & State Income tax returns, including all schedules, for the six most recent taxable periods prior to the Debtor's Chapter 7 case including the 2010 tax year. (2) Copies of the Debtor's account statements for any and all depository and investment accounts for the three calendar years preceding the filing of the Debtors's Chapter 7 case; (3) Articles of Incorporation and By-Laws; (4) Invoices or other proof of any and all liabilities Debtor owes to any and all creditors; (5) Copies of any and all books and records that refer, relate to or otherwise concern the Debtor. (6) Copies of all documentation evidencing a transfer, gift or other payment of any proceeds or property by the Debtor to any creditors, individuals, companies or other entities.; (7) Full and complete copies of all documents evidencing Shneior Zilberman as president of the Debtor corporation."

(ECF: Case 1-11-42390-jbr Doc 15-2 Filed 07/15/11 Entered 07/15/11 17:41:00)

    6.    On, September 21, 2011, at 2:07 PM, the Honorable Joel B. Rosenthal, United States Bankruptcy Judge, held a hearing regarding the application by the Digby for an Order granting it leave to issue a Subpoena compelling Mr. Shneior Zilberman as a representative of Image.

    7.    At the above hearing the Court inquired as to the reason why Digby should not have an opportunity to ask questions. In reply, Mr. Balisok stated that it was expensive. The

Court replied that "It may be expensive for you, but that's one of the prices you pay when you end up in bankruptcy. I'm going to grant the motions, but I'm going to instruct the counsel. Invite the trustee if he wants to come and participate. I don't want these people to have to go through it twice. So if the trustee wants to be there and wants to ask questions, at least take care of it all at one time." (Page 13 of transcript of hearing attached to this Objection)

8.      On September 21, 2011, the Honorable Joel B. Rosenthal, issued an Order pursuant to Bankruptcy Rule 2004: "(i) compelling the production of documentary evidence from Shneior Zilberman and a representative of Image Rent A Car, Inc., to be received by the law offices of Daniel Gershburg Esq., P,C., 100 Church Street, 8th Floor, New York, New York 10007, on or before September 15, 2011; and (ii) compelling the attendance of Shneior Zilberman as a representative of Image Rent A Car, Inc., to submit to an examination, at the law offices of Daniel Gershburg Esq., P,C., 100 Church Street, 8th Floor, New York, New York 10007 at 2:00 pm on September 22, 2011." (ECF: Case 1-11-42390-jbr Doc 23 Filed 09/21/11 Entered 09/22/11 14:12:09).

9.      On October 24, 2011, Debtor's Counsel sent via email to Mr. Gershburg "all" of the following documents: (a) bank statements in Image's possession; (b) copy of Image's Articles of Incorporation; (c) tax transcripts received from the IRS.

10.     On, January 30, 2012 Debtor's Counsel sent via email the only documents Mr. Zilberman could find in Image's possession which evidenced that Mr. Zilberman acted as President of Image.

11.     On October 25, 2011, Mr. Gershburg replied to the October 24, 2011, email and stated that the documents provided "only responds to a small portion of the Subpoena granted by the Court. We will await further documentation."

12. Debtor's Counsel immediately called Mr. Gershburg and explained that Mr. Zilberman had performed a rigorous and detailed search of Image's documents and despite his best efforts had only located the documents already sent via the October 24, 2011 email. Mr. Balisok explained that Image could not produce documents that never existed in the first place or could not find.

13. On November 22, 2011, Mr. Gershburg, requested that Mr. Zilberman attend the Court Ordered 2004 Examination of Image.

14. On November 29, 2011, Mr. Zilberman attended the above Court Ordered 2004 Examination of Image at the offices of Jaguar Court Reporting, 44 Court Street, Suite 1207, Brooklyn, NY 11201.

15. On November 29, 2011, on the record at the deposition, Mr. Gershburg asked Mr. Zilberman if there were any documents that were not turned over to Digby. Mr. Zilberman stated that he had looked for all the documents requested and had provided all the documents he found. (ECF: Case 1-11-42390-jbr Doc 28-3, Filed 01/03/12 Entered 01/03/12 12:45:26, 2004 Exam. Transcript, Page 24, (pages 90-92).

16. On November 29, 2011, Mr. Gershburg, despite receiving the above answer from Mr. Zilberman, demanded that the documents which he requested but did not receive as of that date, be produced immediately. Mr. Balisok reiterated that Mr. Zilberman had performed a rigorous and detailed search of Image's documents and despite his best efforts had only located the documents already sent via the October 24, 2011 email. Mr. Balisok explained that Image could not produce documents that never existed in the first place or could not find.

17. On January 3, 2012, Digby by its attorneys, Mr. Gershburg, Esq., filed a Motion to Compel Discovery and an Order (a) Compelling discovery pursuant to Rule 7037 of the

Federal Rules of Bankruptcy Procedure and Rule 37(a) of the Federal Rules of Civil Procedure; (b) Awarding appropriate sanctions pursuant to Rule 7037 of the Federal Rules of Bankruptcy Procedure and Rule 37(b) of the Federal Rules of Civil Procedure; (c) Awarding expenses incurred in making the motion, including attorney's fees, pursuant to Rule 7037 of the Federal Rules of Bankruptcy Procedure and Rule 37(a) of the Federal Rules of Civil Procedure; and (d) For such other and further relief as this Court deems just, appropriate and equitable. (ECF: Case 1-11-42390-jbr, Doc 28-1 filed by Daniel Gershburg, Esq. on 01/03/12 and entered on 01/03/12 12:45:26).

18. Mr. Balisok called Jaguar Court Reporting and inquired as to whether a party taking a deposition could continue to take testimony after regular business hours if the need arose. The customer service agent who answered the phone informed Counsel that it was not a problem to continue a deposition until completed even though it might go a few hours after the closing of their regular business hours.

19. On December 9, 2011, via email to Mr. Balisok, Mr. Gershburg attempted to bully the Debtor into attending a second examination of Image on "a date from the list we provided" because "these are the times and dates that the Chapter 7 Trustees counsel will be available". He continued to threaten Mr. Balisok by stating that if we did not comply he would be "forced to immediately move the Court and ask for appropriate relief, including sanctions and costs, based on this conduct." (attached Exhibit "A").

20. The assets in Debtor's estate are less than $1,000.00. (ECF: Case 1-11-42390 Doc 1 Filed 03/24/11 Entered 03/24/11 18:50:41, Pg. 4, Summary of Schedules).

### The Debtor's Basis for Objecting to Digby's Motion to Compel Discovery

      **a.      Debtor's Objection to a Second Examination**

21.      It is an undeniable fact that Mr. Gershburg attended the hearing in which this Court explicitly instructed him to "invite the trustee if wants to participate. I don't want these people to have to go through it twice. So if the Trustee wants to be there and wants to ask questions, at least take care of it all at one time."

22.      Mr. Gershburg decided, purely on his own accord, to stop the examination of Image at 4:30 PM, one hour prior to the end of regular business hours.

23.      Mr. Zilberman agreed to stay at the examination for as long as was required and never once stated that he needed to leave before business hours.

24.      Debtor's Counsel never stated that he agreed to a second examination of the Debtor.  Mr. Gershburg intentionally deceived the Court when he stated erroneous facts in Digby's Motion to Compel Discovery, to the contrary.

25.      The conversation between Mr. Balisok and Mr. Gershburg regarding another examination was purely for the purposes of stating that the Debtor would "not" attend another examination that week because Counsel could not support an explicit violation of this Court's instructions regarding the same.

26.      From the December 9, 2011 email, it seems clear that when Mr. Gershburg realized that he was not going to elicit any information to support his case, he opted to stop the examination to bring in the Trustee and as a Creditor glean some of the benefit if any materialized.

27. As is reflected in Mr. Gershburg's December 9, 2011 email, another examination would only serve to allow the Chapter 7 Trustee to question the Debtor, not allow Digby to ask additional questions because he already had the chance to ask more questions at the examination and simply chose to not do so.

28. Any question asked by the Trustee at another examination of Image would be the same question that they should have asked if they attended on the November 29, 2011 examination.

29. It is without a doubt that, Mr. Gershburg has chosen to directly flaunt this Court's explicit instructions regarding the one examination directive.

30. Digby should not be permitted to explicitly ignore this Court's explicit instruction and then benefit from its transgression by having another examination granted.

31. Digby has unclean hands and is acting inequitably and this Court should not reward its violation by granting another examination especially when the examination will purely be a forum for the Trustee to question the Debtor.

32. This Motion is just the latest example of Digby's overreaching and disproportionate action in relation to the size of the Debtor's estate, which is less than $1,000.

33. The burden to the insolvent Debtor is significant and clearly outweighs any direct benefit another examination will provide to Digby.

  **b. Debtor's Objection to an Order to Produce of Documents it Does Not Possess**

<u>Requested Documents and Statement of Possession</u>

34. Federal & State Income Tax Returns -

  A. Image never filed a federal or state income tax return and therefore cannot

provide them to Digby. Despite this being the case, Mr. Balisok made a good faith effort to obtain copies of the "Tax Account Transcripts" from the Internal Revenue Service and furnished Digby with them.

35. Copies of the Debtor's account statements for any and all depository and investment accounts for the three calendar years preceding the filing of the Debtor's Chapter 7 case -

    A. Mr. Balisok emailed all the Bank of America statements in Image's possession to Mr. Gershburg. Since Bank of America has closed Image's accounts there is no way to obtain the few months that are missing without paying for them. Image has no funds to purchase the few months that are missing but has agreed to give Mr. Gershburg written permission to obtain them from the bank.

36. Articles of Incorporation and By-Laws -

    A. Emailed to Digby on October 24, 2011.

37. Invoices or other proof of any and all liabilities Debtor owes to any and all creditors -

    A. After diligent search Mr. Zilberman could not find any of the above in Image's possession.

38. Copies of any and all books and records that refer, relate to or otherwise concern the Debtor -

    A. After diligent search Mr. Zilberman could not find any of the above in Image's possession.

39. Copies of all documentation evidencing a transfer, gift or other payment of any proceeds or property by the Debtor to any creditors, individuals, companies or other entities -

    A.    After diligent search Mr. Zilberman could not find any of the above in Image's possession.

    40.    Full and complete copies of all documents evidencing Shneior Zilberman as president of the Debtor corporation -

    A.    After diligent search Mr. Zilberman found three such documents Image's possession and they were emailed to Mr. Gershburg.

    41.    It is not clear how many times Image must express that Mr. Zilberman has conducted a rigorous and detailed search of Image's documents and despite his best efforts has only located the documents already sent via email or that Image cannot produce documents that it does not have or never existed in the first place.

    42.    At last count it seems that Mr. Gershburg has heard the above at least three times. Twice when Mr. Balisok personally told Mr. Gershburg same and once when Mr. Zilberman stated under oath that he looked and supplied all that he found.

    43.    It stands to reason that the issue here is not whether Mr. Gershburg understands that Image cannot provide a document that never existed or does not have in its possession, but rather that he refuses to accept the answer he keeps receiving.

    44.    Mr. Gershburg seems to be under the impression that if this Court Orders Image to produce documents that it does not possess, they will magically appear. That is simply not the case.

    45.    The fact of the matter is that Mr. Zilberman has stated under oath that he has provided all that he has of Image's and the attached affidavit confirms the same. (Att. Ex. "B")

    46.    The Debtor is at a loss as to how to more clearly state that he has complied as fully as possible with the document request Order issued by this Court.

**Conclusion**

47.     While keeping in mind the explicit instruction given personally to Digby by this Court and the fact that Mr. Gershburg was repeatedly informed that the Debtor could not produce a document that never existed or which after diligent search it could not find, it is reasonable to assume that Digby's Motion to Compel Discovery is merely a tool designed to harass and hassle Image and cause the it to incur additional litigation expenses.

48.     The essential purpose of Bankruptcy is to allow an honest but otherwise unfortunate Debtor to get relief from its Creditors.

49.     During the examination of Image Digby did not uncover anything which would even remotely infer that the Debtor was dishonest. Being unfortunate but honest Image is therefore entitled to relief from harassment from Digby too.

**WHEREFORE**, Image Rent A Car, Inc., request that this Honorable Bankruptcy Court deny Digby Adler Group, LLC D/B/A Bandago, Motion for an Order to Compel Discovery because 1) Mr. Zilberman attended an examination of the Debtor, 2) Digby has unclean hands because it ignored an explicit instruction of this Court, 3) Mr. Zilberman has provided all requested he could find in Image's possession, 4) Image cannot produce a document it does not possess or has not created.

Dated:     Brooklyn, New York                    Respectfully submitted,
           January 30, 2012

                                                 By: s/ *Joseph Y Balisok*
                                                 Joseph Y. Balisok
                                                 Attorneys for Debtor
                                                 1650 Eastern Parkway, Ste 303
                                                 Brooklyn, NY 11233
                                                 Tel. No. (718) 928-9607
                                                 Email: joseph@lawbalisok.com