```
 1

 2   UNITED STATES BANKRUPTCY COURT

 3   EASTERN DISTRICT OF NEW YORK

 4   Case No. 11-42390-jbr

 5   - - - - - - - - - - - - - - - - - - - -x

 6   In the Matter of:

 7

 8   IMAGE RENT A CAR, INC.,

 9

10              Debtor.

11

12   - - - - - - - - - - - - - - - - - - - -x

13

14              United States Bankruptcy Court

15              271 Cadman Plaza East

16              Brooklyn, New York

17

18              September 21, 2011

19              2:07 PM

20

21   B E F O R E:

22   HON. JOEL B. ROSENTHAL

23   U.S. BANKRUPTCY JUDGE

24

25
```

1

2   Matter:   [15] Amended Motion for 2004 Examination Filed by

3   Daniel Gershburg on Behalf of Digby Adler Group LLC dba

4   Bandago.   **Debtor's Objection Filed on 8/8** Reply Affirmation

5   Filed on 8/24**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20   Transcribed by:   Aliza Chodoff

21   eScribers, LLC

22   P.O.Box 7533

23   New York, NY 10116

24   (973)406-2250

25   operations@escribers.net

 1

 2   A P P E A R A N C E S:

 3   THE LAW OFFICES OF JOSEPH Y. BALISOK

 4        Attorney for Debtor

 5        1650 Eastern Parkway

 6        Suite 303

 7        Brooklyn, NY 11233

 8

 9   BY:   JOSEPH Y. BALISOK, ESQ.

10

11

12   GERSHBURG

13        Attorney for Digby Adler Group

14        1400 Avenue Z

15        Suite 402

16        Brooklyn, NY 11235

17

18   BY:   DANIEL GERSHBURG, ESQ.

19

20

21

22

23

24

25

IMAGE RENT A CAR, INC.

1                P R O C E E D I N G S
2            THE CLERK:  Matter number 79; Image Rent A Car, Inc.
3            THE COURT:  Let's take both of these together; the
4    Image and the Van.  I think the issues are the same, are they
5    not?
6            MR. BALISOK:  Yes.
7            MR. GERSHBURG:  That's correct, Your Honor.
8            THE COURT:  All right.  Please, let me have the
9    appearances.
10           MR. GERSHBURG:  Good afternoon, Your Honor.  Daniel
11   Gershburg, for the creditor Digby Adler Group dba.  Actually,
12   we'll just leave it as Digby Adler Group.
13           THE COURT:  Okay.
14           MR. BALISOK:  Joseph Balisok, attorney for the debtor;
15   Van Rental and Image Rent A Car.
16           THE COURT:  All right.  I'll hear the moving party.
17   You can be seated.  Use the podium, please.
18           MR. GERSHBURG:  Yes, Your Honor.  Your Honor, this is
19   our motion for a 2004 examination.  We -- just to give you some
20   context, we filed suit against the debtors in this case in a
21   separate action in California.  Amongst the claims were
22   trademark infringement, cybersquatting, et cetera.  About a
23   year after we filed this case, the debtors moved and filed for
24   Chapter 7 bankruptcy; both Image and Van.
25           The issues are quite similar between both, and there's

1    wild inconsistencies in terms of the testimony given at the 341

2    meeting.

3              THE COURT:  Wild inconsistencies from what?

4              MR. GERSHBURG:  The debtors had an individual by the

5    name of Gad Seebag (ph.), who filed an affidavit with the court

6    in California stating that he was the president of Image and

7    CEO of Image.

8              THE COURT:  All right.  So the discovery in California

9    was inconsistent with what they've been testifying to --

10             MR. GERSHBURG:  Completely --

11             THE COURT:  -- here?

12             MR. GERSHBURG:  -- inconsistent.

13             THE COURT:  Okay.

14             MR. GERSHBURG:  We have no proof that the individual

15   who signed as a president of Image is actually the president of

16   Image.  During the time that I had to ask questions of the

17   debtors during a 341, there was no questions that were actually

18   answered at all.  In other words, the representative couldn't

19   state when he became president.  He couldn't state when the

20   company stopped operating.  He couldn't state what happened to

21   numerous amounts of assets, including twenty-four vehicles

22   which were listed on the company's website at the time of the

23   filing.

24             He literally couldn't state anything at all.  And he

25   had stated that Gad Seebag, who was the individual who had

IMAGE RENT A CAR, INC.

1 filed the affidavit in the California court, had transferred
2 this company over to him and had paid 300,000 dollars at one
3 point into this company.  There's no proof of any of this.
4 There's no bank statements.  There's absolutely nothing.  It
5 absolutely affects our interest in our case in California in
6 terms of this case.  And we believe based on the
7 representations that were made and literally any lack of any
8 documents as well as the petition that was filed, which lists
9 no assets whatsoever, no transfers whatsoever, and nothing to
10 suggest why the creditors are owed X number of dollars or when
11 these occurred that there's reason for --
12            THE COURT:  Well, the --
13            MR. GERSHBURG:  -- a 2004 --
14            THE COURT:  -- the debtor says you folks couldn't --
15 have no standing; that you're not a creditor.
16            MR. GERSHBURG:  Well, Your Honor, the debtor's
17 attorney lists us as creditors.  We commenced our action well
18 in advance of the bankruptcy filing, so it was the debtor's
19 attorney himself who listed us as a creditor.  We cannot list
20 the amount that we claim we owe because it's --
21            THE COURT:  Well, you don't have to.  You can be an
22 unliquidated creditor, but you can still be a creditor.
23            MR. GERSHBURG:  Correct.  We still are a creditor, and
24 it was listed specifically by the debtor's counsel in both
25 cases.

IMAGE RENT A CAR, INC.

1           THE COURT:  All right, let me hear from him.  Mr.
2   Balisok.
3           MR. BALISOK:  May it please the Court, my name is
4   Joseph Balisok, as I mentioned earlier.  And I'm -- filed the
5   motion to quash Bandago's application for the 2004 meeting.
6   And I think I pretty well stated it in my -- in the motion.  I
7   wanted some things today.
8           THE COURT:  Well, fir -- let's deal with the question
9   I just asked your brother.  You've -- you stated here that
10  they're not a creditor, yet they have an action pending
11  claiming damages in California.  And you listed them as a
12  creditor.  How much more than that do they need to at least get
13  over the -- they don't -- the 2004 does not say they have to
14  have an allowed claim.  It says they have to have a claim.  So
15  why --
16          MR. BALISOK:  Right.
17          THE COURT:  Have they -- don't they at least have
18  standing under 2004 to take a -- an exam?
19          MR. BALISOK:  Well, any party-in-interest -- the
20  question then seems pretty much undefined in the law what a
21  party-in-interest is.
22          THE COURT:  Well, how did you list them?
23          MR. BALISOK:  I listed them on the schedule with all
24  the other creditors, and I put zero dollars owing because my
25  client believes, and he stated it in the 341(a), that it was a

1  frivolous lawsuit.  And he believes that, as he stated rather

2  rudely, but --

3           THE COURT:  All defendants --

4           MR. BALISOK:  -- he said corporate --

5           THE COURT:  -- think the lawsuits -- a defendant of

6  the -- that's why they're called defendants, and -- but

7  shockingly, defendants lose sometimes.

8           MR. BALISOK:  Well, the problem is, is that the

9  plaintiffs in the action chose to litigate the case in

10 California.  My client, of course, is in New York state, New

11 York City specifically.

12          THE COURT:  But they're going to have to take the 2004

13 here.  I'm not going to make the debtor go to California.

14 He's -- you're not claiming that they're inconvenienced by

15 having to go in their own city to --

16          MR. BALISOK:  Oh, no.  It's just the -- my client

17 simply didn't have the resources to even start really properly

18 fighting the case in California.  And that's why --

19          THE COURT:  Well, apparently they have jurisdiction

20 over me for some reason.  I don't know why, but they do.

21          MR. BALISOK:  So --

22          THE COURT:  So -- but that's not what this is about.

23 This is about the 2004 examination.  So tell me concisely why I

24 should not let them take the 2004.  I've heard enough on the

25 question of whether they're a claimant or a party-in-interest;

1    whatever reasons, if any, exist.

2            MR. BALISOK:  Okay.  So in Six Bankruptcy Law, Edition

3    Rules Commentary Analysis that I quoted in my motion, it

4    specifies there than an examination under Rule 2004 will not be

5    permitted where the Court determines while the entity seeking

6    the examination is generally entitled to the Rules of Broad

7    Utility the circumstances do not justify the granting of a

8    motion to conduct such an examination.  And more specifically,

9    2004 specifically says that the Court may -- and it uses the

10   may -- it's really a discretionary --

11           THE COURT:  Well, tell me why I shouldn't -- why I

12   should exercise my discretion in favor of the debtor as opposed

13   to the people that have a claim, or claim that they have a

14   claim against him?

15           MR. BALISOK:  Absolutely.  So --

16           THE COURT:  Or them.

17           MR. BALISOK:  -- there's a few reasons.  First, New

18   York state has dissolved both corporations unilaterally.  They

19   have chosen, for whatever reason -- it's not clear --

20           THE COURT:  Well, you're in Chapter 7, so I don't care

21   what the corporate world has done to them.  They are in

22   existence as far as I'm concerned.  Keep going.

23           MR. BALISOK:  Okay.  I guess the more important thing

24   is here the trustee is not present.  He hasn't objected.  He

25   hasn't raised any questions.  All the issues with regard to the

1  bank statements not being provided, that was specifically to
2  Bandago.  We provided everything to the trustee.  The trustee
3  hired an accountant.  The trustee hired outside counsel to
4  review everything.  And as of today, I spoke to Mr. Messer
5  about a few weeks, but it seems like he has no specific
6  questions that would give rise to him either coming in and
7  supporting Bandago or whether or not to request his own 2004.
8        And that, I think, is pertinent.  As I mentioned in my
9  motion; that where a trustee is not interested and where he
10 feels that everything is fine with the action, it -- I wouldn't
11 say creates presumption, but it does lean in favor, I think, of
12 stating that the debtor is honest, but obviously unfortunate,
13 because he's poor.
14        But the next point --
15        THE COURT:  But there -- but the 2004 doesn't really
16 support that.  If it -- if that's what Congress and the Rules
17 Committee in the Supreme Court wanted, then one would presume
18 that that would -- there'd be some suggestion in the rule, but
19 the rule doesn't say that.
20        MR. BALISOK:  Right.
21        THE COURT:  The rule gives creditors --
22        MR. BALISOK:  Right.  And the commentary analysis
23 seems to allow for a multifactoral or pronged analysis that a
24 court can use to decide whether or not to grant.  So I guess
25 the additional elements -- that was just one of them.  The

1  additional is that Shneior Zilberman, the current president of
2  Image Rent A Car or the current president of the nonentity --
3  of the dissolved entity, he had signed the petition saying that
4  he was president.  Mr. Gershburg keeps referring to
5  inconsistencies.  Those inconsistencies were -- I've not been
6  provided a copy, just as an aside.  but those inconsistencies
7  predate the filing of the petition, and there's no --
8           THE COURT:  Well, the truth usually doesn't change,
9  though.
10          MR. BALISOK:  But the president of a corporation with
11  really unsavvy, I would call, business people, the roles and
12  titles and the people in charge of a corporation moves around
13  quite a bit.  Mr. Seebag initially entered the corporation as
14  the sole investor.  He deposited 300,000.  It's reflected in
15  the bank account that was given to the trustee.  Subsequently
16  to that point -- or simultaneously, Shneior star -- Mr.
17  Zilberman started operating the corporation, and he ran the
18  corporation until 2010 when it ran out of money and essentially
19  it closed.  Operations ceased doing business.
20          So although initially maybe Gad had signed it, he put
21  the 300,000, it seems like he wanted to have his name on it to
22  protect his interest.  But subsequently, when things went bad,
23  Shneior took over complete control.  He had been controlling up
24  to that point, and Mr. Seebag didn't -- he obviously gave away
25  his interest.  These people -- Mr. Zilberman; he doesn't really

1  have a high school diploma, as far as I can tell, Mr. Seebag

2  neither does he.  They didn't have counsel opening up the

3  company.  They were not given advice what a president is.  Mr.

4  Seebag has --

5              THE COURT:  All right.

6              MR. BALISOK:  -- relinquished his interest.

7              THE COURT:  You've --

8              MR. BALISOK:  It doesn't -- this whole thing kind of

9  doesn't make any sense, I understand --

10             THE COURT:  Well --

11             MR. BALISOK:  -- without a back story.

12             THE COURT:  -- well -- but that's what the -- if

13 that's the case, if that's what the 2004 shows, that's fine.

14             MR. BALISOK:  Okay.  So --

15             THE COURT:  But I haven't heard anything from you yet

16 that tells me that they're not entitled to the benefits of Rule

17 2004.

18             MR. BALISOK:  Well, the claims that Mr. Gershburg

19 seems -- is making on behalf of Bandago were answered in the

20 341(a).  He keeps mentioning that Image Rent A Car has vans for

21 sale.  He's not alleging that the vans were owned by Image.

22 He's not -- he's just saying that they --

23             THE COURT:  All right, enough.

24             MR. BALISOK:  -- have this, so --

25             THE COURT:  Enough.  You're missing the point.  I'm

Case 1-11-42390-nhl    Doc 34    Filed 01/30/12    Entered 01/30/12 22:26:33

IMAGE RENT A CAR, INC.

1  not prejudging what's going to come out of the 2004.  I'm just
2  trying to answer the threshold question; why they shouldn't get
3  the opportunity to ask questions.  It may be inconvenient.
4          MR. BALISOK:  Expensive.
5          THE COURT:  It may be expensive for you, but that's
6  one of the prices you pay when you end up in bankruptcy.  I'm
7  going to grant the motions, but I'm going to instruct the
8  counsel.  Invite the trustee if he wants to come and
9  participate.  I don't want these people to have to go through
10 it twice.  So if the trustee wants to be there and wants to ask
11 questions, at least take care of it all at one time.  And I'm
12 going to -- I've signed the orders, and good luck.  Thank you.
13         MR. GERSHBURG:  Yes, Your Honor.
14         MR. BALISOK:  Thank you, Your Honor.
15    (Whereupon these proceedings were concluded at 2:19 PM)
16
17
18
19
20
21
22
23
24
25

1

2                          I N D E X

3

4                         RULINGS

5                                                  Page      Line

6   [15] Amended Motion for 2004 Examination        13         7

7   Filed by Daniel Gershburg on Behalf of Digby

8   Adler Group LLC dba Bandago Granted

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

C E R T I F I C A T I O N

I, Aliza Chodoff, certify that the foregoing transcript is a true and accurate record of the proceedings.

*[signature]*

_____

ALIZA CHODOFF

AAERT Certified Electronic Transcriber CET\*\*D-634

eScribers

P.O. Box 7533

New York, NY 10116

Date:   January 11, 2012

**IMAGE RENT A CAR, INC.**
**Case No. 11-42390-jbr**                                                                                       September 21, 2011

### A

**absolutely (3)**
6:4,5;9:15
**account (1)**
11:15
**accountant (1)**
10:3
**action (5)**
4:21;6:17;7:10;8:9;
10:10
**Actually (3)**
4:11;5:15,17
**additional (2)**
10:25;11:1
**Adler (2)**
4:11,12
**advance (1)**
6:18
**advice (1)**
12:3
**affects (1)**
6:5
**affidavit (2)**
5:5;6:1
**afternoon (1)**
4:10
**against (2)**
4:20;9:14
**alleging (1)**
12:21
**allow (1)**
10:23
**allowed (1)**
7:14
**although (1)**
11:20
**Amongst (1)**
4:21
**amount (1)**
6:20
**amounts (1)**
5:21
**Analysis (3)**
9:3;10:22,23
**answered (2)**
5:18;12:19
**apparently (1)**
8:19
**appearances (1)**
4:9
**application (1)**
7:5
**around (1)**
11:12
**aside (1)**
11:6
**assets (2)**
5:21;6:9
**attorney (3)**
4:14;6:17,19
**away (1)**
11:24

### B

**back (1)**
12:11
**bad (1)**
11:22
**BALISOK (28)**
4:6,14,14;7:2,3,4,16,
19,23;8:4,8,16,21;9:2,
15,17,23;10:20,22;
11:10;12:6,8,11,14,18,
24;13:4,14
**Bandago (3)**
10:2,7;12:19
**Bandago's (1)**
7:5
**bank (3)**
6:4;10:1;11:15
**bankruptcy (4)**
4:24;6:18;9:2;13:6
**based (1)**
6:6
**became (1)**
5:19
**behalf (1)**
12:19
**believes (2)**
7:25;8:1
**benefits (1)**
12:16
**bit (1)**
11:13
**both (5)**
4:3,24,25;6:24;9:18
**Broad (1)**
9:6
**brother (1)**
7:9
**business (2)**
11:11,19

### C

**California (9)**
4:21;5:6,8;6:1,5;
7:11;8:10,13,18
**call (1)**
11:11
**called (1)**
8:6
**can (5)**
4:17;6:21,22;10:24;
12:1
**Car (4)**
4:2,15;11:2;12:20
**care (2)**
9:20;13:11
**case (7)**
4:20,23;6:5,6;8:9,18;
12:13
**cases (1)**
11:24
**ceased (1)**
11:19
**CEO (1)**
5:7
**cetera (1)**
4:22
**change (1)**
11:8
**Chapter (2)**
4:24;9:20
**charge (1)**
11:12
**chose (1)**
8:9
**chosen (1)**
9:19
**circumstances (1)**
9:7
**City (2)**
8:11,15
**claim (6)**
6:20;7:14,14;9:13,
13,14
**claimant (1)**
8:25
**claiming (2)**
7:11;8:14
**claims (2)**
4:21;12:18
**clear (1)**
9:19
**CLERK (1)**
4:2
**client (3)**
7:25;8:10,16
**closed (1)**
11:19
**coming (1)**
10:6
**commenced (1)**
6:17
**Commentary (2)**
9:3;10:22
**Committee (1)**
10:17
**company (4)**
5:20;6:2,3;12:3
**company's (1)**
5:22
**complete (1)**
11:23
**Completely (1)**
5:10
**concerned (1)**
9:22
**concisely (1)**
8:23
**concluded (1)**
13:15
**conduct (1)**
9:8
**Congress (1)**

### D

**damages (1)**
7:11
**Daniel (1)**
4:10
**dba (1)**
4:11
**deal (1)**
7:8
**debtor (5)**
4:14;6:14;8:13;9:12;
10:12
**debtors (4)**
4:20,23;5:4,17
**debtor's (3)**
6:16,18,24
**decide (1)**
10:24
**defendant (1)**
8:5
**defendants (3)**
8:3,6,7
**deposited (1)**
10:16
**context (1)**
4:20
**control (1)**
11:23
**controlling (1)**
11:23
**copy (1)**
11:6
**corporate (2)**
8:4;9:21
**corporation (5)**
11:10,12,13,17,18
**corporations (1)**
9:18
**counsel (4)**
6:24;10:3;12:2;13:8
**course (1)**
8:10
**COURT (41)**
4:3,8,13,16;5:3,5,8,
11,13;6:1,12,14,21;7:1,
3,8,17,22;8:3,5,12,19,
22;9:5,9,11,16,20;
10:15,17,21,24;11:8;
12:5,7,10,12,15,23,25;
13:5
**creates (1)**
10:11
**creditor (8)**
4:11;6:15,19,22,22,
23;7:10,12
**creditors (4)**
6:10,17;7:24;10:21
**current (2)**
11:1,2
**cybersquatting (1)**
4:22

### D

**damages (1)**
7:11
**Daniel (1)**
4:10
**dba (1)**
4:11
**deal (1)**
7:8
**debtor (5)**
4:14;6:14;8:13;9:12;
10:12
**debtors (4)**
4:20,23;5:4,17
**debtor's (3)**
6:16,18,24
**decide (1)**
10:24
**defendant (1)**
8:5
**defendants (3)**
8:3,6,7
**deposited (1)**
10:16
**determines (1)**
9:5
**Digby (2)**
4:11,12
**diploma (1)**
12:1
**discovery (1)**
5:8
**discretion (1)**
9:12
**discretionary (1)**
9:10
**dissolved (2)**
9:18;11:3
**documents (1)**
6:8
**dollars (3)**
6:2,10;7:24
**done (1)**
9:21
**During (2)**
5:16,17

### E

**earlier (1)**
7:4
**Edition (1)**
9:2
**either (1)**
10:6
**elements (1)**
10:25
**end (1)**
13:6
**enough (3)**
8:24;12:23,25
**entered (1)**
11:13
**entitled (2)**
9:6;12:16
**entity (2)**
9:5;11:3
**essentially (1)**
11:18
**et (1)**
4:22
**even (1)**
8:17
**exam (1)**
7:18
**examination (5)**
4:19;8:23;9:4,6,8
**exercise (1)**
9:12
**exist (1)**
9:1
**existence (1)**
9:22
**Expensive (2)**
13:4,5

**IMAGE RENT A CAR, INC.**
**Case No. 11-42390-jbr**                                                                                     September 21, 2011

## F

**far (2)**
 9:22;12:1
**favor (2)**
 9:12;10:11
**feels (1)**
 10:10
**few (2)**
 9:17;10:5
**fighting (1)**
 8:18
**filed (7)**
 4:20,23,23;5:5;6:1,8;
 7:4
**filing (3)**
 5:23;6:18;11:7
**fine (2)**
 10:10;12:13
**fir (1)**
 7:8
**First (1)**
 9:17
**folks (1)**
 6:14
**frivolous (1)**
 8:1

## G

**Gad (3)**
 5:5,25;11:20
**gave (1)**
 11:24
**generally (1)**
 9:6
**GERSHBURG (14)**
 4:7,10,11,18;5:4,10,
 12,14;6:13,16,23;11:4;
 12:18;13:13
**given (3)**
 5:1;11:15;12:3
**gives (1)**
 10:21
**Good (2)**
 4:10;13:12
**grant (2)**
 10:24;13:7
**granting (1)**
 9:7
**Group (2)**
 4:11,12
**guess (2)**
 9:23;10:24

## H

**happened (1)**
 5:20
**hear (2)**
 4:16;7:1
**heard (2)**
 8:24;12:15
**high (1)**
 12:1
**himself (1)**
 6:19
**hired (2)**
 10:3,3
**honest (1)**
 10:12
**Honor (7)**
 4:7,10,18,18;6:16;
 13:13,14

## I

**Image (11)**
 4:2,4,15,24;5:6,7,15,
 16;11:2;12:20,21
**important (1)**
 9:23
**Inc (1)**
 4:2
**including (1)**
 5:21
**inconsistencies (5)**
 5:1,3;11:5,5,6
**inconsistent (2)**
 5:9,12
**inconvenienced (1)**
 8:14
**inconvenient (1)**
 13:3
**individual (3)**
 5:4,14,25
**infringement (1)**
 4:22
**initially (2)**
 11:13,20
**instruct (1)**
 13:7
**interest (4)**
 6:5;11:22,25;12:6
**interested (1)**
 10:9
**into (1)**
 6:3
**investor (1)**
 11:14
**Invite (1)**
 13:8
**issues (3)**
 4:4,25;9:25

## J

**Joseph (2)**
 4:14;7:4
**jurisdiction (1)**
 8:19
**justify (1)**
 9:7

## K

**Keep (1)**
 9:22
**keeps (2)**
 11:4;12:20
**kind (1)**
 12:8

## L

**lack (1)**
 6:7
**law (2)**
 7:20;9:2
**lawsuit (1)**
 8:1
**lawsuits (1)**
 8:5
**lean (1)**
 10:11
**least (3)**
 7:12,17;13:11
**leave (1)**
 4:12
**list (2)**
 6:19;7:22
**listed (5)**
 5:22;6:19,24;7:11,23
**lists (2)**
 6:8,17
**literally (2)**
 5:24;6:7
**litigate (1)**
 8:9
**lose (1)**
 8:7
**luck (1)**
 13:12

## M

**making (1)**
 12:19
**Matter (1)**
 4:2
**May (5)**
 7:3;9:9,10;13:3,5
**maybe (1)**
 11:20
**meeting (2)**
 5:2;7:5
**mentioned (2)**
 7:4;10:8
**mentioning (1)**
 12:20
**Messer (1)**
 10:4
**missing (1)**
 12:25
**money (1)**
 11:18
**more (3)**
 7:12;9:8,23
**motion (6)**
 4:19;7:5,6;9:3,8;10:9
**motions (1)**
 13:7
**moved (1)**
 4:23
**moves (1)**
 11:12
**moving (1)**
 4:16
**much (2)**
 7:12,20
**multifactoral (1)**
 10:23

## N

**name (3)**
 5:5;7:3;11:21
**need (1)**
 7:12
**neither (1)**
 12:2
**New (3)**
 8:10,10;9:17
**next (1)**
 10:14
**nonentity (1)**
 11:2
**number (2)**
 4:2;6:10
**numerous (1)**
 5:21

## O

**objected (1)**
 9:24
**obviously (2)**
 10:12;11:24
**occurred (1)**
 6:11
**one (5)**
 6:2;10:17,25;13:6,11
**opening (1)**
 12:2
**operating (2)**
 5:20;11:17
**Operations (1)**
 11:19
**opportunity (1)**
 13:3
**opposed (1)**
 9:12
**orders (1)**
 13:12
**out (2)**
 11:18;13:1
**outside (1)**
 10:3
**over (4)**
 6:2;7:13;8:20;11:23
**owe (1)**
 6:20
**owed (1)**
 6:10
**owing (1)**
 7:24
**own (2)**
 8:15;10:7
**owned (1)**
 12:21

## P

**paid (1)**
 6:2
**participate (1)**
 13:9
**party (1)**
 4:16
**party-in-interest (3)**
 7:19,21;8:25
**pay (1)**
 13:6
**pending (1)**
 7:10
**people (5)**
 9:13;11:11,12,25;
 13:9
**permitted (1)**
 9:5
**pertinent (1)**
 10:8
**petition (3)**
 6:8;11:3,7
**ph (1)**
 5:5
**plaintiffs (1)**
 8:9
**Please (3)**
 4:8,17;7:3
**PM (1)**
 13:15
**podium (1)**
 4:17
**point (5)**
 6:3;10:14;11:16,24;
 12:25
**poor (1)**
 10:13
**predate (1)**
 11:7
**prejudging (1)**
 13:1
**present (1)**
 9:24
**president (9)**
 5:6,15,15,19;11:1,2,
 4,10;12:3
**presume (1)**
 10:17
**presumption (1)**
 10:11

**IMAGE RENT A CAR, INC.**
**Case No. 11-42390-jbr**                                                                                                              September 21, 2011

| | | | | |
|---|---|---|---|---|
| **pretty (2)** 7:6,20 | **resources (1)** 8:17 | **sometimes (1)** 8:7 | 13:2 | **wants (3)** 13:8,10,10 |
| **prices (1)** 13:6 | **review (1)** 10:4 | **titles (1)** 11:12 | | **website (1)** 5:22 |
| **problem (1)** 8:8 | **right (9)** 4:8,16;5:8;7:1,16; 10:20,22;12:5,23 | **specific (1)** 10:5 | **today (2)** 7:7;10:4 | **weeks (1)** 10:5 |
| **proceedings (1)** 13:15 | **rise (1)** 10:6 | **specifically (5)** 6:24;8:11;9:8,9;10:1 | **together (1)** 4:3 | **what's (1)** 13:1 |
| **pronged (1)** 10:23 | **roles (1)** 11:11 | **specifies (1)** 9:4 | **took (1)** 11:23 | **whatsoever (2)** 6:9,9 |
| **proof (2)** 5:14;6:3 | **rudely (1)** 8:2 | **spoke (1)** 10:4 | **trademark (1)** 4:22 | **Whereupon (1)** 13:15 |
| **properly (1)** 8:17 | **Rule (5)** 9:4;10:18,19,21; 12:16 | **standing (2)** 6:15;7:18 | **transferred (1)** 6:1 | **whole (1)** 12:8 |
| **protect (1)** 11:22 | **Rules (3)** 9:3,6;10:16 | **star (1)** 11:16 | **transfers (1)** 6:9 | **wild (2)** 5:1,3 |
| **provided (3)** 10:1,2;11:6 | | **start (1)** 8:17 | **trustee (8)** 9:24;10:2,2,3,9; 11:15;13:8,10 | **without (1)** 12:11 |
| **put (2)** 7:24;11:20 | **S** | **started (1)** 11:17 | **truth (1)** 11:8 | **words (1)** 5:18 |
| | **sale (1)** 12:21 | **state (6)** 5:19,19,20,24;8:10; 9:18 | **trying (1)** 13:2 | **world (1)** 9:21 |
| **Q** | **same (1)** 4:4 | **stated (5)** 5:25;7:6,9,25;8:1 | **twenty-four (1)** 5:21 | **Y** |
| **quash (1)** 7:5 | **saying (2)** 11:3;12:22 | **statements (2)** 6:4;10:1 | **twice (1)** 13:10 | **year (1)** 4:23 |
| **quite (2)** 4:25;11:13 | **schedule (1)** 7:23 | **stating (2)** 5:6;10:12 | | **York (3)** 8:10,11;9:18 |
| **quoted (1)** 9:3 | **school (1)** 12:1 | **still (2)** 6:22,23 | **U** | |
| | **seated (1)** 4:17 | **stopped (1)** 5:20 | **undefined (1)** 7:20 | **Z** |
| **R** | **Seebag (6)** 5:5,25;11:13,24; 12:1,4 | **story (1)** 12:11 | **under (2)** 7:18;9:4 | **zero (1)** 7:24 |
| **raised (1)** 9:25 | **seeking (1)** 9:5 | **Subsequently (2)** 11:15,22 | **unfortunate (1)** 10:12 | **Zilberman (3)** 11:1,17,25 |
| **ran (2)** 11:17,18 | **seems (5)** 7:20;10:5,23;11:21; 12:19 | **suggest (1)** 6:10 | **unilaterally (1)** 9:18 | **2** |
| **rather (1)** 8:1 | **sense (1)** 12:9 | **suggestion (1)** 10:18 | **unliquidated (1)** 6:22 | **2:19 (1)** 13:15 |
| **really (5)** 8:17;9:10;10:15; 11:11,25 | **separate (1)** 4:21 | **suit (1)** 4:20 | **unsavvy (1)** 11:11 | **2004 (15)** 4:19;6:13;7:5,13,18; 8:12,23,24;9:4,9;10:7, 15;12:13,17;13:1 |
| **reason (3)** 6:11;8:20;9:19 | **Shneior (3)** 11:1,16,23 | **support (1)** 10:16 | **up (3)** 11:23;12:2;13:6 | **2010 (1)** 11:18 |
| **reasons (2)** 9:1,17 | **shockingly (1)** 8:7 | **supporting (1)** 10:7 | **Use (2)** 4:17;10:24 | |
| **referring (1)** 11:4 | **shows (1)** 12:13 | **Supreme (1)** 10:17 | **uses (1)** 9:9 | **3** |
| **reflected (1)** 11:14 | **signed (4)** 5:15;11:3,20;13:12 | | **usually (1)** 11:8 | **300,000 (3)** 6:2;11:14,21 |
| **regard (1)** 9:25 | **similar (1)** 4:25 | **T** | **Utility (1)** 9:7 | **341 (2)** 5:1,17 |
| **relinquished (1)** 12:6 | **simply (1)** 8:17 | **tells (1)** 12:16 | | **341a (2)** 7:25;12:20 |
| **Rent (4)** 4:2,15;11:2;12:20 | **simultaneously (1)** 11:16 | **terms (2)** 5:1;6:6 | **V** | |
| **Rental (1)** 4:15 | **Six (1)** 9:2 | **testifying (1)** 5:9 | **Van (3)** 4:4,15,24 | **7** |
| **representations (1)** 6:7 | **sole (1)** 11:14 | **testimony (1)** 5:1 | **vans (2)** 12:20,21 | **7 (2)** 4:24;9:20 |
| **representative (1)** 5:18 | | **there'd (1)** 10:18 | **vehicles (1)** 5:21 | **79 (1)** 4:2 |
| **request (1)** 10:7 | | **though (1)** 11:9 | **W** | |
| | | **threshold (1)** | | |