UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                                                  Chapter 7
                                                                                             Case No: 11-42390 (JBR)
Image Rent A Car, Inc.,
                                        Debtor.
-----------------------------------------------------------------x

## **DECISION AND ORDER**

Pending before the Court is a Motion to Compel Discovery ("Motion") filed by creditor Digby Adler Group LLC d/b/a Bandago ("Movant") seeking relief, including sanctions, under Rule 7037 of the Federal Rules of Bankruptcy Procedure and Rule 37 of the Federal Rules of Civil Procedure. (Docket #28) The Motion seeks to enforce this Court's Order granting the Movant's Rule 2004 request for both document production and examination of a representative of the Debtor. (Docket #23) Specifically, Movant claims Debtor has not fully complied with its document request, and that Debtor's representative has not cooperated to finish the examination that was conducted on November 29, 2011. Debtor objected to the Motion (Docket #33-37), stating that it has produced all the requested documents that could be produced, and that the representative had already appeared for the examination in compliance with the Order. The Court held a hearing on the Motion and heard argument from counsel for the Movant and the Debtor (the "Hearing"). The Court took the matter under submission so that it could review additional pleadings filed by the parties. For the reasons stated herein, the Motion is denied.

Movant seeks additional time to complete the examination. The Court sees no purpose in allowing more time for the balance of examination. First, the Court notes that Rule 2004 is not a substitute for the discovery rules, which Movant attempts to use as a basis for its relief. Second, based on a review of the examination transcript (Docket #40-3) and the arguments at the Hearing, it is clear that Movant's counsel does not believe anything testified to and does not accept any representations of Debtor's representative or counsel. Movant's counsel prolonged the examination

unnecessarily by delving into matters not within the scope of Rule 2004, demonstrated frustration, and at times, permitted his frustration to border on open animus, anger, and attempted intimidation.

The Court sees no further useful purpose to be served unless the Chapter 7 Trustee wishes to examine the Debtor on subjects not already fully covered by the Movant's examination of the representative. If so, the Chapter 7 Trustee may file his own Rule 2004 Motion.

SO ORDERED.



**Dated: February 8, 2012**
**Brooklyn, New York**

**Joel B. Rosenthal**
**United States Bankruptcy Judge**