UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x    Chapter 7

In re

                                              Case No. 11-42390 (NHL)

**IMAGE RENT A CAR, INC.,**
Debtor.

-------------------------------------------------------x

## NOTICE OF MOTION OF DEBTOR FOR AN ORDER EXPUNGING CLAIM OF DIGBY ADLER GROUP, LLC d/b/a BANDAGO

*PLEASE TAKE NOTICE* that upon the application of Image Rent A Car, Inc. ("Debtor"),  by its attorneys, Rosenberg, Musso & Weiner, LLP, and the annexed declaration under penalty of perjury of Shneior Zilberman, the Debtor will move this Court before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge, at the United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York 11201, on January 16, 2014 at 11:30 a.m., or as soon thereafter as counsel may be heard for an order for an order pursuant to 11 U.S.C. §502 and Bankruptcy Rule 3007 expunging the claim of Digby Adler Group, LLC d/b/a Bandago, Claim #4, Exhibit A.

PLEASE TAKE FURTHER NOTICE, that objections to the Application and/or responsive papers, if any, must be in writing, must conform to the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the United States Bankruptcy Court for the Eastern District of New York and must be filed on or before January 9, 2014 with the Clerk of the Bankruptcy Court (with a copy to Chambers), and served so as to be received by the attorneys for the Debtor, Rosenberg, Musso & Weiner, 26 Court Street, Suite 2211, Brooklyn, New York 11242, Attention: Bruce Weiner, Esq., on or before January 9, 2014 at 5:00 p.m.  Parties with legal representation shall file with the court: (a) (i) through the Bankruptcy Court's electronic filing system (in accordance with General Order M-182) which may be accessed through the internet at https://ecf.nyeb.uscourts.gov and

1

(ii) in portable document format (PDF) using Adobe Exchange software for conversion, or (b) if a party is unable to file electronically, such party shall submit the response or objection in PDF format on a diskette in an envelope with the case name, case number and title of document: or (c) if a party is unable to file electronically or use PDF format, such party shall submit the response or objection on a diskette in either Word, Word Perfect, or DOS test (ASCII) format.

PLEASE TAKE FURTHER NOTICE, that the failure of any objecting person or entity receiving Notice to file an Objection thereto on a timely basis may be a bar to the assertion of any Objection to the Application.

Dated: Brooklyn, New York
        December 9, 2013

ROSENBERG, MUSSO & WEINER, LLP

By:_____
        Bruce Weiner (BW 4730)
        Attorneys for Debtor
        26 Court Street
        Suite 2211
        Brooklyn, New York 11242
        Tel. No. (718) 855-6840

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x    Chapter 7
In re
                                                           Case No. 11-42390 (NHL)
**IMAGE RENT A CAR, INC.,**
Debtor.
-------------------------------------------------------x

## DEBTOR'S APPLICATION IN SUPPORT OF AN ORDER EXPUNGING CLAIMS

Image Rent A Car, Inc. ("Debtor"), in support of the motion to expunge and reduce certain claims submits the following:

1.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334. Venue of this case and the motion is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicate for the relief sought herein is §502 of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure.

2.      On March 24, 2011 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") with this Court. By Notice of Appointment, Gregory Messer, Esq. was appointed the interim Chapter 7 Trustee (the "Trustee") of the Debtor's estate, and has since duly qualified and is the permanent Trustee in this case.

3.      On or about October 4, 2012, the Trustee commenced adversary proceeding No. 12-01288 (NHL) (the "Adversary Proceeding"), in which the Trustee claimed that certain transfers by the Debtor to Schneior Zilberman ("Zilberman"), Adir Group, Inc., Adir Rent A Car, Inc., Adir Plaza, Inc., Group Travel Solutions and Gad Sebag ("Sebag") were allegedly fraudulent and preferential.  Issue was joined in the Adversary Proceeding, and thereafter the Trustee and the Defendants in the Adversary Proceeding engaged in discussions and negotiations

1

in an attempt to resolve the claims (the "Claims") asserted by the Trustee without the need for protracted and costly litigation and to resolve this bankruptcy case.

4.    As a result of settlement discussions, the parties to the Adversary Proceeding entered into a Stipulation resolving the claims raised in the Adversary Proceeding.  The Trustee submitted the Stipulation to the Court for approval in a motion to approve the proposed settlement.

5.    Creditor Digby Adler Group, LLC d/b/a Bandago filed an objection.  The objection was supported by the affidavit of Sharky Laguna, president of Bandago (Doc. 88).  The objection argues that the Trustee agreed to settle the Adversary Proceeding for an amount less than Bandago is entitled to receive for its claim in this bankruptcy case.

6.    By this application, the Debtor seeks an order of this Court expunging the claim of Digby Adler Group, LLC d/b/a Bandago ("Digby"), Claim # 4, Exhibit A (the "Digby Claim"), on the grounds that the Debtor does not owe any money to Digby because this Court, sitting as a court in equity, should deny the Digby Claim and order that the Trustee need not consider the Digby Claim in connection with its settlement of the Adversary Proceeding.

7.    For the reasons set forth below, and those set forth in the Declaration of Schneior Zilberman filed in support, this Court should expunge Digby's claim or, in the alternative, award Digby the minimal statutory damages it could recover in its infringement litigation against the Debtor and value Digby's claim according to those minimal damage amounts alone.

## THE DIGBY CLAIM BASED ON THE NDCA LITIGATION

8.      The Digby Claim is based entirely upon Digby's intellectual property infringement claim pending lawsuit filed in the Northern District of California entitled *Digby Adler Group, LLC d/b/a Bandago v. Image Rent A Car, Inc., Van Rental Co., Inc., Gad Sebag, and Schneior Zilberman*, Case No. 10-CV-00617-SC (the "NDCA Litigation").  Digby filed the First Amended Complaint in the NDCA Litigation in support of its Proof of Claim in this case. (Claim 4-1).  No further supporting material is provided by Digby besides its complaints in the NDCA Litigation.  The Digby Claim is an unliquidated, contingent, general unsecured claim.

9.      In the NDCA Litigation, Digby alleges that it is in the business of renting vehicles and cars, including 15 passenger vans, under the trademark BANDAGO.  Digby maintains a website at WWW.BANDAGO.COM where it displays text and images to visitors that describe its business.  Digby claims that beginning in 2008, the defendants engaged in activities that infringe upon Digby's rights in its trademark, domain name and copyrights, and engaged in unfair competition and false advertising.

10.     In the NDCA Litigation, Digby alleges violations of 15 U.S.C. §1125(d) (Cybersquatting - Count I), 15 U.S.C. §1125(a) (Unfair Competition – Count II), 15 U.S.C. §1125(a)(1)(B) (False Advertising – Count III), Common Law Trademark Infringement (Count IV), Calif. Bus. & Prof. Code §17200(d)(California Unfair Competition – Count V), 17 U.S.C. §501 (Copyright Infringement – Count VI), 15 U.S.C. §1125(a) (Infringement of an Unregistered Trademark - Count VII). (Claim 4-1 Part 2, pp. 25-31).

11.     Digby's First Amended Complaint alleges the following activity that Digby claims supports the NDCA Litigation:

    a.  **Cybersquatting:** Digby alleges that the defendants to the NDCA Litigation engaged in cybersquatting by registering the domain name WWW.BANDAGO.NET. Digby claims Sebag registered the domain on behalf of the Debtor. (Claim 4-1 Part 2, pp. 20-21).

    b.  **Trademark Infringement, False Advertising and Unfair Competition:** Digby alleges that the defendants to the NDCA Litigation engaged in trademark infringement and unfair competition by bidding on keywords within the Google AdWords service that contained Digby's BANDAGO trademark, and that this activity resulted in confusion on the part of consumers. (Claim 4-1 Part 2, pp. 21-23).

    c.  **Copyright Infringement:** Digby alleges that the defendants to the NDCA Litigation engaged in copyright infringement by copying text from Digby's website onto the Debtor's website. (Claim 4-1 Part 2, pp. 23-25).

12.    Digby seeks a long list of remedies in the NDCA Litigation. These remedies, which are set forth below, are unsupported by any facts or demonstrable harm caused to Digby. Digby asserts it is entitled to recover the following:

    a.  **Declaratory Relief**. Items 1a. through 1f. of Digby's Prayer for Relief seeks declaratory relief for each claim asserted against defendants. (Claim 4-1 Part 2, pp. 31-32).

    b.  **Injunctive Relief**. Item 2 of Digby's Prayer for Relief seeks injunctive relief transferring the WWW.BANDAGO.NET domain and removing

Digby's copyrighted materials from the internet. (Claim 4-1 Part 2, pp. 32).

c. **Cybersquatting Damages**. Item 3a. of Digby's Prayer for Relief seeks the greater of Digby's damages (its actual damages plus defendants' profits) or $100,000 statutory damages. (Claim 4-1 Part 2, pp. 32).

d. **Trademark Infringement Damages.** Item 3b. of Digby's Prayer for Relief seeks Digby's damages pursuant to 15 U.S.C. §1117(a) "for Defendant's willful infringement of Plaintiff's unregistered trademark." (Claim 4-1 Part 2, pp. 32).

e. **California Unfair Competition Law.** Item 3c. of Digby's Prayer for Relief seeks restitution for Defendant's violation of California Business and Professions Code section 17200. (Claim 4-1 Part 2, pp. 32).

f. **Copyright Infringement**. Item 3d. of Digby's Prayer for Relief seeks copyright infringement damages "composed of Plaintiff's actual damages and Defendant's profits in an amount to be determined at trial, including three times the amount found as actual damages by the trier of fact under 17 U.S.C. §504(a) and (b) or Plaintiff's statutory damages of $150,000 pursuant to 17 U.S.C. §504(c). (Claim 4-1 Part 2, pp. 32).

g. **Attorneys' fees and costs.** Item 3e. of Digby's Prayer for Relief seeks Attorneys' Fees and Costs pursuant to 15 U.S.C. §1117(a) and 17 U.S.C. §505. (Claim 4-1 Part 2, pp. 32-33).

## DIGBY'S DAMAGES CLAIMS

13.     Based upon the claims asserted and the relief sought in the NDCA Litigation, Digby's potential monetary recovery from the Debtor is speculative. Digby's entire claim is based upon the unsupported allegations it made in its complaints in the NDCA Litigation. No particularized facts showing damage suffered by Digby have been offered. Digby has claimed, in a conclusory fashion, that it has been damaged by the Debtor.

14.     Filed contemporaneously is the Declaration of Schneior Zilberman that confirms Digby has suffered no actual damages.  Mr. Zilberman attests to the limited web traffic to the WWW.BANDAGO.NET domain name, and the fact that no potential customers of Digby were ever confused and contacted the Debtor by mistake.  Furthermore, the WWW.BANDAGO.NET domain has been frozen and has remained unused since the NDCA Litigation was filed.  Finally, Mr. Zilberman attaches the Offer of Judgment served in the NDCA Litigation that valued the claim of Digby at $1,501.00 for purposes of settlement.

### Damages for Cybersquatting

15.     Digby has no claim for actual damages for cybersquatting.  Rather, its entire claim is based upon the statutory damages provision of the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. §1117(d), which provides:

> **(d) Statutory damages for violation of section 1125(d)(1)**
> In a case involving a violation of section 1125 (d)(1) of this title, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits, an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just.

15 U.S.C. §1117(d).

16.     Statutory damages for violations of the ACPA serve "to deter wrongful conduct and to provide adequate remedies for trademark owners who seek to enforce their rights in court." *In re Wright*, 355 Bankr. 192, 212 (Bankr. C.D. Calif. 2006), *citing Pinehurst, Inc. v. Wick*, 256 F. Supp.2d 424, 432 (M.D.N.C. 2003) *quoting* S. Rep. No. 106-140, at 8 (1999).  The policy behind Section 1117 damages is to "take all economic incentive out of trademark infringement." *Harry and David v. Pathak,* 2010 U.S. Dist. LEXIS 126887, 2010 WL 4955780, *5 (D.Or. Oct. 29, 2010) *quoting Intel Corp. v. Terabyte Int'l Inc.,* 6 F.3d 614, 621 (9th Cir. 1993)). Factors that have been taken into consideration in determining statutory damages include the egregiousness or willfulness of the cybersquatting conduct, the use of false contact information to conceal infringing activities, the patterns of infringing conduct by the defendant, and other behavior by the defendant showing an attitude of contempt towards the court or the proceedings. *Verizon California Inc. v. Onlinenic, Inc.,* 2009 U.S. Dist. LEXIS 84235, 2009 WL 2706393 at *3-6. (N.D.Cal. August 25, 2009).

17.     Digby is entitled to the minimum statutory damages under the ACPA and no more.   There is no need for deterrence in this case since the Debtor is out of business. Furthermore, Digby can demonstrate little if any actual harm.  This Court, exercising its broad discretion, should award the minimum of $1,000 to Digby.  *See Mattel Inc. v. Adventure Apparel*, 2001 U.S. Dist. LEXIS 13885, 2001 WL 1035140, *5 (S.D.N.Y. Sept. 7, 2001)(court awarded a plaintiff the statutory minimum of $1,000 per violation under § 1117(d), stating that "[t]he need for deterrence is not exceptional in this case since little if any actual harm has been done to [plaintiff], considering the minuscule number of web hits and the solitary sale of a pair of stockings.")

**Damages for Trademark Infringement**

18.     Trademark infringement damages are governed by 15 U.S.C. §1117(a), which provides:

> **(a) Profits; damages and costs; attorney fees**
> When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, *a violation under section 1125 (a) or (d) of this title*, or a willful violation under section 1125 (c) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover
> (1) defendant's profits,
> (2) any damages sustained by the plaintiff, and
> (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party.

15 U.S.C. §1117(a) (emphasis added).   "Recovery under § 1117(a) is limited to Defendant's profits, any damages sustained by the plaintiff, and the costs of the action." *In re Gharbi*, 2010 Bankr. LEXIS 1247 *22 (W.D. Tex. April 19, 2010).

19.     Digby has no actual damages or any evidence of damages it sustained. None of the activity alleged in the complaints attached to Digby's claim identifies damages caused by the infringing activity.  Digby cannot attribute any damages to the Debtor's use of Google Adwords.

Digby does not specify damages suffered as a result of the use of its mark in the domain WWW.BANDAGO.NET.  The Debtor had no profits Digby can recover either.

**Damages for Copyright Infringement**

20.     Copyright infringement damages are provided for in 17 U.S.C. §504.  In order to recover statutory damages for copyright infringement, a Plaintiff must comply with 17 U.S.C. §412, which provides:

> In any action under this title, other than an action brought for a violation of the rights of the author under section 106A (a), an action for infringement of the copyright of a work that has been preregistered under section 408 (f) before the commencement of the infringement and that has an effective date of registration not later than the earlier of 3 months after the first publication of the work or 1 month after the copyright owner has learned of the infringement, or an action instituted under section 411 (c), *no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for—*
> (1) *any infringement of copyright in an unpublished work commenced before the effective date of its registration; or*
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. §412 (emphasis added).

21.     The First Amended Complaint filed by Digby in the NDCA Litigation alleges that the Defendants engaged in copyright infringement prior to the date that Digby registered the text of its website with the Register of Copyrights.  (Claim 4-1 Part 2, pp. 29-30).  Count VI of the First Amended Complaint alleges that the Debtor copied Digby's website, and made derivative works of the website, sometime between July 2007 and 2010 when Digby filed for its copyright registration which occurred at the same time it filed the NDCA Litigation. (Claim 4-1 Part 2, p. 30).

22.    Inasmuch as the infringement by the Debtor, as alleged by Digby, commenced before the registration of Digby's website, Digby is not entitled to statutory damages for copyright infringement.  This is true even if the infringement began before Digby registered copyright, but continued after copyright registration.  *See Mason v Montgomery Data, Inc.* 967 F.2d 135 (5th Cir. 1992)(infringement of maps that began before registration and continued until after registration not subject to statutory damages); *Derek Andrew, Inc. v Poof Apparel Corp.* 528 F.3d 696 (9th Cir. 2008)(first act of infringement in series of ongoing infringements of same kind marks commencement of one continuing infringement for purposes of 17 U.S.C. § 412).

23.    Because Digby did not register its copyright until after the Debtor allegedly began infringing, it may not recover statutory damages under the Copyright Act. Digby's claim is therefore limited to its actual damages and the Debtor's profits from infringement under 17 U.S.C. §504.  However, as noted above, Digby's claim fails to set forth any actual damages it has suffered.  Furthermore, the Debtor has earned no profits from infringement.  Therefore, Digby has no copyright infringement damages claim.

**Damages for Unfair Competition**

24.    Section 17200 of California Business and Professions Code penalizes anyone who engages in unfair competition.  Unfair competition is defined as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising" Cal. Bus. & Prof. Code § 17200. Section 17200 is commonly referred to as the "UCL" for "unfair competition law."

25.    Under the UCL, prevailing plaintiffs are limited to injunctive relief and restitution. *Cacique, Inc. v. Robert Reiser & Co., Inc.*, 169 F.3d 619, 624 (9th Cir. 1999) ("California law is clear that §§ 17200 et seq. do not authorize a suit by a private party for

damages."); *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003) ("A UCL

action is equitable in nature; damages cannot be recovered.")  Restitution, in the context of the

UCL, aims "to restore the status quo by returning to the plaintiff funds in which he or she has an

ownership interest." *Korea Supply*, 29 Cal. 4th at 1149 (2003).

26.    Digby fails to allege any basis for restitution.  There is no status quo that Digby

can be returned to that requires restitution.  The remedy is inapplicable here.

**Attorneys' Fees**

27.    As noted above, since Digby failed to register its copyright prior to the

commencement of the alleged copyright infringement, it has no claim for attorneys' fees under

the Copyright Act.  17 U.S.C. §412.

28.    Reasonable attorneys' fees may only be recovered for trademark infringement

and violations of the ACPA in "exceptional cases." 17 U.S.C. § 1117(a). Section 1117(a)

requires two inquiries: (1) whether the plaintiff was a 'prevailing party,' and (2) whether the case

is "exceptional." *Audi AG v. D'Amato*, 469 F.3d 534 (6th Cir. 2006). An exceptional case is one

that "involves acts that can be called malicious, fraudulent, deliberate, or willful." *Schlotzsky's,

Ltd. v. Sterling Purchasing & Nat'l Distrib. Co., Inc.,* 520 F.3d 393, 402 (5th Cir. 2008).

29.    Courts generally refuse to award fees where the plaintiff sustained no actual

damages due to defendant's conduct. 3-14 *Gilson on Trademarks* § 14.03.  *See also CJC

Holdings, Inc. v. Wright & Lato, Inc.,* 979 F.2d 60, 66, 25 U.S.P.Q.2d 1212 (5th Cir. 1992)

(citing lack of damages as factor in upholding refusal to award fees); *Hindu Incense v. Meadows*,

692 F.2d 1048, 1052, 216 U.S.P.Q. 853 (6th Cir. 1982) (a finding of no loss of sales due to the

infringement "generally makes the case unexceptional for purposes of awarding fees under §

1117"). Here, no actual damages are alleged by Digby. Therefore, Digby should have no attorneys' fee recovery under 17 U.S.C. § 1117(a) either.

30.    Even assuming *arguendo* that Digby qualifies for attorneys' fees as a prevailing party, no evidence of malicious or willful behavior can be discerned from Digby's claim. Digby's allegations of willful behavior consist entirely of conclusions without evidentiary support. Trademark and copyright infringement have no state or mind or intent requirement. Therefore, while at first blush Digby's allegations may be viewed as asserting willful behavior by the Debtor, for the purpose of an award of fees a finding of willful or deliberate infringement is a finding that the infringement was committed with knowledge that it was unlawful. *See Chronicle Pub. Co. v. Legrand*, 24 U.S.P.Q.2d 1881 (N.D. Cal. 1992) ("Although these predicate adjectives would seem to include almost any kind of knowing conduct, the great majority of Lanham Act cases 'require a showing of a high degree of culpability on the part of the infringer, for example, bad faith or fraud.").

31.    No evidence can be found in Digby's claim to indicate that the alleged infringement was committed willfully and with knowledge that it was illegal. Therefore, this is not an exceptional case where a court would award attorneys' fees to Digby.

**Costs**

32.    Costs of the clerk and marshal are routinely awarded to prevailing parties under 28 U.S.C. § 1920. These costs would include the filing fee and service of process for the NDCA Litigation. It appears that Digby incurred no other costs. At the time it filed the NDCA action the filing fee was $350.00. Assuming a reasonable process server fee of $100.00, Digby's total costs would be $450.00.

**CONCLUSION**

12

33.    Digby's claim against the Debtor based upon the NDCA Litigation should be valued in this bankruptcy as follows:

| Cause of Action - Damages Claim | Value |
|---|---|
| Cybersquatting – Statutory Damages under 15 U.S.C. §1117(d) | $1,000.00 |
| Trademark Infringement – Actual Damages under 15 U.S.C. §1117(d) | $0.00 |
| Copyright Infringement – Actual Damages under 17 U.S.C. §504 | $0.00 |
| Unfair Competition – Restitution under Bus. & Prof. Code § 17200 | $0.00 |
| Attorneys' Fees for Trademark Infringement under 17 U.S.C. § 1117(a) | $0.00 |
| Attorneys' Fees for Copyright Infringement under 17 U.S.C. §504 | $0.00 |
| Costs under 28 U.S.C. § 1920 | $450.00 |
| **Total** | **$1,450.00** |

WHEREFORE, for the reasons set forth above, the Debtor respectfully requests that this Court expunge Digby's claim or value Digby's claim at $1,450 for the purpose of this bankruptcy, and grant such other and further relief as is just and proper.


Dated: Brooklyn, New York
December 9, 2013

ROSENBERG, MUSSO & WEINER, LLP


By:    _____/s/_____
Bruce Weiner (BW4730)
Attorneys for Debtor
Office & P.O. Address
26 Court Street (Suite 2211)
Brooklyn, New York 11242
Tel.  No.  (718) 855-6840