1

**KRONENBERGER BURGOYNE, LLP**

2
Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne III (Bar No. 203748)

3
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520

4
San Francisco, CA 94108
Telephone:  (415) 955-1155

5
Facsimile:   (415) 955-1158
karl@KBInternetLaw.com

6
hank@KBInternetLaw.com

7
jeff@KBInterLaw.com

8
Attorneys for Plaintiff
DIGBY ADLER GROUP d/b/a BANDAGO

9

10
**UNITED STATES DISTRICT COURT**

11
**NORTHERN DISTRICT OF CALIFORNIA**

12

13
Case No. 3:10-cv-00617-SC (BZ)

14

**DIGBY ADLER GROUP LLC**,

15
**PLAINTIFF'S NOTICE OF MOTION
AND MOTION TO COMPEL
DISCOVERY RESPONSES;
REQUEST FOR SANCTIONS;
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT
THEREOF**

Plaintiff,

16

17
vs.

18
**IMAGE RENT A CAR, INC.**, *et al.*,

19
Defendants.

Date:       April 6, 2011
Time:      10:00 a.m.

20
Ctrm:      G, 15th Floor
Judge:     The Hon. Bernard Zimmerman

21

22

23

24

25

26

27

28

Case No. 3:10-cv-00617-SC (BZ)

**PLAINTIFF'S NOTICE OF MOTION & MOTION
TO COMPEL, REQ FOR SANCTIONS; MPA**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1

**TABLE OF CONTENTS**

2    INTRODUCTION......................................................................................................... 2

3    BACKGROUND .......................................................................................................... 2

4    CERTIFICATION OF MEET-AND-CONFER EFFORTS ................................................ 4

5    ARGUMENT............................................................................................................... 4

6        A. Image has failed to provide substantive responses to several Requests for

7            Production................................................................................................... 5

8            1.   Image's Domain Names ........................................................................ 5

9            2.   Defendants' Finances............................................................................ 6

10       B. Defendants have refused to respond to Plaintiff's Second Set of

11           Interrogatories ........................................................................................ 11

12       C. Defendants have refused to verify their interrogatory responses................... 12

13       D. Defendants refuse to serve their initial disclosures....................................... 13

14       E. The Court should impose sanctions in the form of Plaintiff's attorneys' fees

15           against Defendants ................................................................................... 13

16   IV. CONCLUSION.................................................................................................... 14

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 3:10-cv-00617-SC (BZ)

i

**PLAINTIFF'S NOTICE OF MOTION & MOTION
TO COMPEL, REQ FOR SANCTIONS; MPA**

**TABLE OF AUTHORITIES**

*A. Farber & Partners, Inc. v. Garber,* 234 F.R.D. 186, 292 (C.D. Cal. 2006)................. 10

*Aliotti v. Vessel SENORA,* 217 F.R.D. 496, 497-498 (N.D. Cal. 2003).......................... 10

*E.E.O.C. v. Kovacevich "5" Farms,* No. 106-0165, 2007 WL 1599772, *3
    (E.D. Cal. June 4, 2007) ................................................................................. 12

*Frontline Medical Associates, Inc. v. Coventry Health Care,* 263 F.R.D. 567, 568
    (C.D. Cal. 2009)................................................................................................ 10

*Knights Armament Co. v. Optical Sys. Tech., Inc.,* 254 F.R.D. 463, 466-67 aff'd, 254
    F.R.D. 470 (M.D. Fla. 2008.) ............................................................................ 12

*OracleUSA, Inc. v. SAP AG,* 264 F.R.D. 541, 545 (N.D. Cal. 2009) ........................... 14

*Saria v. Massachusetts Mut. Life Ins. Co.,* 228 F.R.D. 536, 540 (S.D.W. Va. 2005)..... 14

*Walt Disney Co. v. DeFabiis,* 168 F.R.D. 281, 284 (C.D. Cal. 1996)............................ 13

**Federal Statutes and Other Authorities**

15 U.S.C. §1117.............................................................................................................. 10

15 U.S.C. §1125(d) .......................................................................................................... 6

FED. R. CIV. P. 26(a)(1)................................................................................................... 13

FED. R. CIV. P. 26(b)(1)................................................................................................... 11

FED. R. CIV. P. 33(b)(2)................................................................................................... 11

FED. R. CIV. P. 37(a)(5)................................................................................................... 13

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No. 3:10-cv-00617-SC (BZ)

ii

**PLAINTIFF'S NOTICE OF MOTION & MOTION
TO COMPEL, REQ FOR SANCTIONS; MPA**

1    TO THE COURT, THE PARTIES, AND ALL COUNSEL OF RECORD:

2        PLEASE TAKE NOTICE THAT at a date and time to be determined by the Court,

3    in the United States District Court for the Northern District of California, located at 450

4    Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Digby Adler Group LLC d/b/a

5    Bandago ("Plaintiff") will move this Court for an order: a) compelling Defendants Image

6    Rent A Car, Inc. and Van Rental Co. to amend and supplement their responses to

7    Plaintiff's First Set of Requests for Production, b) compelling Defendants to serve

8    responses to Plaintiff's Second Set of Interrogatories, c) compelling Defendants to

9    provide verifications to their responses to Plaintiff's First and Second Sets of

10    Interrogatories, d) compelling Defendants to serve their initial disclosures, and e)

11    imposing sanctions, in the form of Plaintiff's attorneys' fees, against Defendants and in

12    favor of Plaintiff pursuant to Federal Rule of Civil Procedure 37(a)(5).

13        This motion is made upon the ground that despite Defendants' verbal agreement

14    to amend and supplement their responses to Plaintiff's First Set of Interrogatories and

15    Requests for Production, Defendants have failed to amend their deficient responses.

16    Furthermore, despite Plaintiff's multiple efforts to meet-and-confer, Defendants have

17    refused to respond to Plaintiff's Second Set of Interrogatories, and even failed to meet-

18    and-confer.    Finally, Defendants have refused to serve their verification of their

19    interrogatory responses or their initial disclosures.

20        This motion is based upon this notice as well as the accompanying memorandum

21    of points and authorities, the declaration of Jeffrey M. Rosenfeld in support of this motion,

22    the record in this case, and any other evidence and argument that may be adduced at

23    any hearing.

24    DATED:  February 15, 2011                **KRONENBERGER BURGOYNE, LLP**

25

26                                          BY:    /s/ Jeffrey M. Rosenfeld
                                                 Jeffrey M. Rosenfeld

27
                                           Attorneys for Plaintiff
28                                          DIGBY ADLER GROUP d/b/a BANDAGO

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No. 3:10-cv-00617-SC (BZ)                    1        **PLAINTIFF'S NOTICE OF MOTION & MOTION
                                                        TO COMPEL, REQ FOR SANCTIONS; MPA**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Despite Plaintiff's multiple efforts to meet-and-confer, Defendants' discovery responses remain deficient.  Defendants have refused to produce documents at the center of this lawsuit.  For example, Defendants have refused to produce any financial records or any lists of the domain names that Defendant Image Rent A Car, Inc. ("Image") has owned.  Moreover, Defendants have altogether refused to respond to Plaintiff's second set of discovery, have refused to provide verifications for any of their responses to Plaintiff's first set of discovery, and have refused to provide initial disclosures.

Plaintiff is left with no choice but to bring this motion.  Given Defendants' refusal to abide by the spirit or letter of the federal discovery rules, the Court should compel Defendants to supplement their discovery responses and should impose sanctions, in the form of attorneys' fees, against Defendants.

### BACKGROUND

Plaintiff filed its complaint in this action on February 11, 2010.  [D.E. No. 1.] Counsel for the parties met-and-conferred pursuant to Federal Rule of Civil Procedure 26(f) in early June 2010, filing their initial Rule 26(f) case management statement with the Court on June 9.  (Declaration of Jeffrey M. Rosenfeld in Support of Plaintiff's Motion to Compel ("Rosenfeld Decl.") ¶2.) & [D.E. No. 35.]  On July 29, 2010 Plaintiff served on both Defendants Plaintiff's First Set of Requests for Production of Documents and Plaintiff's First Set of Interrogatories (collectively, the "First Set of Discovery Requests"). (Rosenfeld Decl. ¶3.)  Defendants' responses to the First Set of Discovery Requests were due on September 2, 2010. (*Id.* ¶4.)

Even after Plaintiff sent meet-and-confer letters and the parties held telephonic conferences, Defendants failed to provide responses to the First Set of Discovery Requests. (Rosenfeld Decl. ¶5.)  Only after Plaintiff filed its Motion to Compel on November 3, 2010, and the Court ordered Defendants to respond did Defendants serve

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1    their responses to the First Set of Discovery Requests.  (*Id.* ¶6.)  Although Defendants

2    had ample time to prepare responses, their responses were highly deficient.  (*Id.* ¶6 &

3    Exs. A-D.)  The parties engaged in a telephonic meet-and-confer about these responses

4    on January 5, 2011, which they recorded.  (*Id.* ¶7.)  During this conference, Defendants

5    agreed to amend and supplement their responses by January 13, 2011 and to provide

6    verifications to their interrogatory responses by the same date.  (*Id.* ¶8.)

7         In addition to Plaintiff's First Set of Discovery Requests, Plaintiff propounded a

8    second set of interrogatories to both Defendants (the "Second Set of Interrogatories") on

9    December 9, 2010.  (Rosenfeld Decl. ¶9 & Exs. E-F.)  Responses to the Second Set of

10   Interrogatories were due on January 13, 2011, along with Defendants' supplemental

11   responses to the First Set of Discovery.  (*Id.* ¶10.)  On January 13, 2011 Defendants

12   informed Plaintiff that their supplemental responses would not be ready by the agreed

13   upon deadline, but would be served the following week.  (*Id.* ¶10 & Ex. G.)  A month has

14   passed and to this day Defendants have not provided: 1) supplemental responses to the

15   First Set of Discovery Requests, 2) responses to the Second Set of Interrogatories

16   (collectively, the "Responses").  Nor have Defendants contacted Plaintiff about their

17   delinquent Responses, served their verifications, or served their initial disclosures.  (*Id.*

18   ¶12.)

19        Plaintiff has contacted Defendants to meet-and-confer about the Responses by

20   various means in the last month.  On January 18, 2011 Plaintiff sent a letter to

21   Defendants by overnight courier, requesting an opportunity to discuss the Responses

22   and reminding Defendants about the required verifications.  (Rosenfeld Decl. ¶13 & Ex.

23   H.)  By January 24, Defendants had still not responded.  Plaintiff called Defendants and

24   left a voicemail on January 24.  (*Id.* ¶14.)  To follow-up, Plaintiff emailed Defendants the

25   next day, January 25. (*Id.* ¶15 & Ex. I.)   As a final measure, on January 31 Plaintiff sent

26   another letter to Defendants by overnight courier, notifying Defendants that Plaintiff

27   would seek Court intervention unless Defendants provided the promised Responses.  (*Id.*

28   ¶16 & Ex. J.)

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1    On February 2, 2010, Plaintiff filed a letter brief to Magistrate Judge Zimmerman,

2    requesting the Court hold a telephonic conference to discuss the outstanding discovery

3    issues.  (Rosenfeld Decl. ¶17) & [D.E. 68.]  Defendants filed their own brief on February

4    3, 2010.  [D.E. 69.]  Defendants' brief failed to address the issues in Plaintiff's February 2

5    letter, but rather introduced their own complaints.  (*Id.*)  Defendants' February 3 letter

6    was the first contact Defendants had made with Plaintiff's counsel since Defendants'

7    January 13 email. (*Id.* ¶18.)  On February 8, 2011 Judge Zimmerman held a telephonic

8    conference for the parties.  (D.E. 72.)  During the telephonic conference, Judge

9    Zimmerman granted Plaintiff leave to file a motion to compel.

10                    **CERTIFICATION OF MEET-AND-CONFER EFFORTS**

11    Plaintiff's counsel met-and-conferred with Defendants' counsel on January 5, 2011

12    during a recorded, telephonic conference.  (Rosenfeld Decl. ¶7.)  When Defendants

13    failed to supplement their responses to Plaintiff's First Set of Discovery Requests and

14    failed to provide Responses to Plaintiff's Second Set of Interrogatories, Plaintiff contacted

15    Defendants' counsel by sending correspondence via overnight courier on January 18 and

16    31, by phone, leaving a voicemail on January 24, and by email on January 25.  Despite

17    Plaintiff's varied attempts to meet-and-confer with Defendants, Defendants never

18    responded to Plaintiff's counsel.  (Rosenfeld Decl. ¶¶13-16.)  Although Plaintiff's counsel

19    has made a good faith effort to meet-and-confer with Defendants' counsel, the parties

20    have failed to resolve the disputes raised in this motion—and in regards to the Second

21    Set of Interrogatories, Plaintiff has been unable to meet-and-confer with Defendants

22    about the missing responses despite repeated efforts.  (*Id.* ¶19.)

23                                        **ARGUMENT**

24    Rule 26(b)(1) allows discovery regarding any non-privileged matter that is relevant

25    to any party's claims or defenses.  With its First Set of Discovery Requests and its

26    Second Set of Interrogatories, Plaintiff sought information and documents from

27    Defendants at the center of this action.  Defendants either provided facially deficient

28

Case No. 3:10-cv-00617-SC (BZ)                4      **PLAINTIFF'S NOTICE OF MOTION & MOTION
                                                      TO COMPEL, REQ FOR SANCTIONS; MPA**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1    responses or refused to respond altogether.  Plaintiff requests that the Court compel

2    Defendants to supplement their deficient responses.

3         Importantly, while many of Defendants' responses to Plaintiff's First Set of

4    Discovery Requests are not credible, Plaintiff has chosen not to raise them in this

5    motion.  As limited examples, in response to Plaintiff's First Set of Discovery Requests,

6    Defendant Van Rental Co. ("Van") maintained that it never had any employees, never

7    had a board of directors, never promoted its goods or services on any website, never had

8    any bylaws or charters, never had any documents identifying its shareholders, never had

9    a legal relationship with Image, never prepared any profit and loss statements, never

10   prepared any balance sheets, never prepared any documents evidencing any expenses,

11   and had never filed any tax returns.  (*Id.* ¶6 & Ex. C-D.)  Image's discovery responses

12   are similarly incredible.  (*Id.* ¶6 & Exs. A-B.)  Plaintiff intends to present these incredible

13   responses to the jury, and Plaintiff requests that the Court be wary of any attempt by

14   Defendants to substantively change these responses.

15        Based on the foregoing, Plaintiff has moved to compel regarding only those

16   discovery requests where Defendants failed to respond or where Defendants' response

17   is so facially deficient that Plaintiff cannot proceed in the litigation without a substantive

18   response.

19   **A.    Image has failed to provide substantive responses to several Requests for
          Production.**

20

21        **1.    Image's Domain Names**

22   · **Request for Production No. 9 to Image:**

23   DOCUMENTS sufficient to IDENTIFY every domain name YOU have owned,

24   registered, or licensed since January 2007.

25   · **Image's Response to Request No. 9:**

26   Defendant Image objects to this demand on the grounds that it is vague,

27   ambiguous, overly broad, vexatious, unduly burdensome and seeks irrelevant

28

1    information not reasonably calculated to lead to the discovery of admissible

2    evidence.

3

4    The domain names that Image has owned, registered, or licensed are directly

5    relevant to Plaintiff's cybersquatting claim.    The Anti-Cybersquatting Consumer

6    Protection Act, 15 U.S.C. §1125(d), states that in determining whether a defendant

7    engaged in bad faith conduct, a court may consider, "the person's registration or

8    acquisition of multiple domain names which the person knows are identical or confusingly

9    similar to marks of others that are distinctive at the time of registration of such domain

10   names . . ." Plaintiff is entitled to discover whether Defendant has engaged in a pattern

11   and practice of cybersquatting by registering or using domain names similar to third

12   parties' trademarks.

13   Defendants' objection that the Request is vague or ambiguous is nonsensical.

14   The Request is straightforward and any reasonable person would understand it.

15   Moreover, the Request is not overly-broad or unduly burdensome.    Documents

16   identifying Defendants' domain names are in Defendants' possession or can easily be

17   generated by Defendants through their domain name registrar account.

18   Thus, the Court should order Image to produce a list of all domain names that it

19   has owned, registered, or licensed since 2007.

20

21   **2.    Defendants' Finances**

22   Requests for Production Nos. 50-53 all relate to Image and Van's finances.    Thus,

23   to streamline this motion, Plaintiff has set forth Requests for Production Nos. 50-53 and

24   their responses consecutively, followed by Plaintiff's argument regarding all of these

25   discovery requests.

26   • **Request for Production No. 50 to Image:**

27   ALL of YOUR profit and loss statements for the fiscal years 2007, 2008,

28   2009, and 2010.

Case No. 3:10-cv-00617-SC (BZ)                                          **PLAINTIFF'S NOTICE OF MOTION & MOTION**
                                                      6                 **TO COMPEL, REQ FOR SANCTIONS; MPA**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1   • **Image's Response to Request No. 50:**

2   Defendant objects to this demand on the grounds that it is vague,

3   ambiguous, overly broad, vexatious, unduly burdensome and seeks

4   irrelevant information not reasonably calculated to lead to the discovery

5   of admissible evidence.  However, over objection without waiting same,

6   Image Reponds [sic] as follows: Image is not in possession or control of

7   any balance sheets for the fiscal years 2007, 2008, 2009, and 2010.

8   • **Request for Production No. 51 to Image:**

9   ALL of YOUR balance sheets for the fiscal years 2007, 2008, 2009, and

10  2010.

11  • **Image's Response to Request No. 51:**

12  Defendant objects to this demand on the grounds that it is vague,

13  ambiguous, overly broad, vexatious, unduly burdensome and seeks

14  irrelevant information not reasonably calculated to lad to the discovery

15  of admissible evidence.  However, over objection without waiving same,

16  Image Reponds [sic] as follows: Image is not in possession or control of

17  any balance sheets for the fiscal years 2007, 2008, 2009 and 2010.

18  • **Request for Production No. 52 to Image:**

19  ALL DOCUMENTS REGARDING ANY cost or expense identified in

20  YOUR 2007, 2008, 2009, or 2010 profit and loss statement.

21  • **Image's Response to Request No. 52:**

22  Defendant objects to this demand on the grounds that it is vague,

23  ambiguous, overly broad, vexatious, unduly burdensome and seeks

24  irrelevant information not reasonably calculated to lead to the discovery

25  of admissible evidence.  However, over objection without waiving same,

26  Image Reponds [sic] as follows: Image is not in possession or control of

27  any documents reflecting any cost or expense profit [sic] and loss

28

Case No. 3:10-cv-00617-SC (BZ)                                    **PLAINTIFF'S NOTICE OF MOTION & MOTION**
                                                7                 **TO COMPEL, REQ FOR SANCTIONS; MPA**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1    statement for the reasons stated in the Response of Image to "Request

2    50 and 51".

3    • **Request for Production No. 53 to Image:**

4    ALL of YOUR tax filings for the fiscal years 2007, 2008, 2009, and

5    2010.

6    • **Image's Response to Request No. 53:**

7    Defendant objects to this demand on the grounds that it is vague,

8    ambiguous, overly broad, vexatious, unduly burdensome and seeks

9    irrelevant information not reasonably calculated to lead to the discovery

10   of admissible evidence.  Moreover, Plaintiff is not entitled to same as

11   Plaintiff never alleged in the Complaint that Defendants profited from

12   the alleged use of the Bandago Mark.

13   • **Request for Production No. 50 to Van:**

14   ALL of YOUR profit and loss statements for the fiscal years 2007, 2008,

15   2009, and 2010.

16   • **Van's Response to Request No. 50:**

17   Defendants objects to this demand on the grounds that it is vague,

18   ambiguous, overly broad, vexatious, unduly burdensome and seeks

19   irrelevant information not reasonably calculated to lead to the discovery

20   of admissible evidence.  However, over objection without waiting same,

21   Van Respond [sic] as follows: Van has never had any income and thus,

22   Van has never prepared a profit and loss statement.

23   • **Request for Production No. 51 to Van:**

24   ALL of YOUR balance sheets for the fiscal years 2007, 2008, 2009, and

25   2010.

26   • **Van's Response to Request No. 51:**

27   Defendant objects to this demand on the grounds that it is vague,

28   ambiguous, overly broad, vexatious, unduly burdensome and seeks

Case No. 3:10-cv-00617-SC (BZ)                    8        **PLAINTIFF'S NOTICE OF MOTION & MOTION
TO COMPEL, REQ FOR SANCTIONS; MPA**

1    irrelevant information not reasonably calculated to lead to the discovery

2    of admissible evidence.  However, over objection without waiting same,

3    Van has never had any income and thus, Van has never prepared a

4    balance sheet.

5    • **Request for Production No. 52 to Van:**

6    ALL DOCUMENTS REGARDING ANY cost of expense identified in

7    YOUR 2007, 2008, 2009, or 2010 profit and loss statement.

8    • **Van's Response to Request No. 52:**

9    Defendant objects to this demand on the grounds that it is vague,

10    ambiguous, overly broad, vexatious, unduly burdensome and seeks

11    irrelevant information not reasonably calculated to lead to the discovery

12    of admissible evidence.  However, over objection without waiving same,

13    Van Responds [sic] as follows: Van is not in possession or control of

14    any documents reflecting any cost of expense [sic] profit and loss

15    statement for the reasons stated in the Response of Van to "Request 50

16    and 51.". [sic]

17    • **Request for Production No. 53 to Van:**

18    ALL of YOUR tax filings for the fiscal years 2007, 2008, 2009, and

19    2010.

20    • **Van's Response to Request No. 53:**

21    Defendant objects to this demand on the grounds that it is vague,

22    ambiguous, overly broad, vexatious, unduly burdensome and seeks

23    irrelevant information not reasonably calculated to lead to the discovery

24    of admissible evidence.  However, over objection without waiving same,

25    Van Responds [sic] as follows: Van has never had any income sufficient

26    to require filing of taxes and thus, Van has never filed taxes.

27

28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No. 3:10-cv-00617-SC (BZ)                    9         **PLAINTIFF'S NOTICE OF MOTION & MOTION
TO COMPEL, REQ FOR SANCTIONS; MPA**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1   Defendants refused to produce any financial information in response to these

2   Requests, claiming that they do not have such basic documents as balance sheets and

3   profit and loss statements.  Defendants' responses are not credible, and the Court should

4   not consider them valid responses.

5   Defendants also objected to these Requests on the ground that they seek

6   irrelevant information.  However, Defendants' finances are directly relevant to this action,

7   where Plaintiff has asserted claims for cybersquatting, unfair competition, and false

8   advertising under the Lanham Act.  The Lanham Act specifically authorizes a plaintiff to

9   recover a defendant's wrongful profits.   15 U.S.C. §1117.   Plaintiff is entitled to

10   Defendants' basic financial records to assess Defendants' wrongful profits.   It is

11   impossible to calculate such wrongful profits without this basic financial information.

12   Given Defendants' refusal to produce any financial information, it is appropriate for

13   the Court to order Defendants to produce their tax returns.  In determining whether the

14   discovery of tax returns is warranted the Court must engage in a two-part test.  First, the

15   Court must determine whether the tax returns are relevant to the subject matter of the

16   action.   Second, the Court must determine whether a compelling need exists for the

17   returns because such information is not otherwise available.  *See A. Farber & Partners,*

18   *Inc. v. Garber,* 234 F.R.D. 186, 292 (C.D. Cal. 2006); *Aliotti v. Vessel SENORA*, 217

19   F.R.D. 496, 497-498 (N.D. Cal. 2003).   This two-part test is satisfied here.   First, 15

20   U.S.C. §1117 specifically authorizes a plaintiff to recover a defendant's wrongful profits,

21   and a defendant's financial records are necessary to evaluate its wrongful profits.

22   Second, a compelling need exists for Defendants to produce their tax records here

23   because Defendants have refused to produce any other financial information—and in

24   fact, Defendants maintain that they have no financial records in their possession other

25   than their tax returns.

26   Because Defendants' finances are relevant to this action, and because

27   Defendants have refused to produce any financial records, the Court should order

28   Defendants to produce their tax records.  If Defendant Van still maintains that it has not

Case No. 3:10-cv-00617-SC (BZ)                        **PLAINTIFF'S NOTICE OF MOTION & MOTION**
                                                10    **TO COMPEL, REQ FOR SANCTIONS; MPA**

filed any tax returns, the Court should order Van to produce documents sufficient to identify the income or loss (and supporting financial data) that was passed through to its shareholders during the last five years.

**B.    Defendants have refused to respond to Plaintiff's Second Set of Interrogatories.**

On December 9, 2010, Plaintiff served its Second Set of Interrogatories on Defendants Image and Van.  Pursuant to Federal Rule of Civil Procedure 33(b)(2), Defendants' responses were due on January 13, 2011.  Despite Plaintiff's meet and confer efforts, Defendants have refused to respond to these Interrogatories.

- **Interrogatory No. 8 to Image and Van:**

   IDENTIFY ALL PERSONS involved in the registration or re-registration of the domain name <bandago.net>.

- **Interrogatory No. 9 to Image and Van:**

   IDENTIFY the method of payment for ANY registration or re-registration of the domain name <bandago.net>, including the name on ANY payment account, credit card or debit card that was used for payment.

- **Interrogatory No. 10 to Image and Van:**

   IDENTIFY ALL PERSONS who accessed or edited the domain name registration account for the domain name <bandago.net>, including but not limited to re-directing the domain name <bandago.net> to another website.

- **Interrogatory No. 11 to Image and Van:**

   IDENTIFY ALL of YOUR shareholders, including the number of shares owned and/or the percentage of the company owned since 2007.

- **Interrogatory No. 12 to Image and Van:**

   IDENTIFY ES Colin.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No. 3:10-cv-00617-SC (BZ)

11

**PLAINTIFF'S NOTICE OF MOTION & MOTION TO COMPEL, REQ FOR SANCTIONS; MPA**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1      Plaintiff's Second Set of Interrogatories are directly relevant to this action.  The

2  interrogatories seek to clarify who was responsible for the registration of the domain

3  name <bandago.net>.  The interrogatories also seek to identify any shareholders of the

4  corporate defendants Van and Image, and to identify an individual who filed a document

5  with this Court on behalf of Defendants.  This is basic information about the misconduct

6  at issue and the corporate structure of Defendants.  Plaintiff is entitled to this information,

7  and the Court should order Defendants to respond to Plaintiff's Second Set of

8  Interrogatories.

9

10 **C.      Defendants have refused to verify their interrogatory responses.**

11     Courts have stressed that the verification requirement is an essential part of

12 responding to interrogatories.  By failing to provide explicit, responsive, complete, candid,

13 and verified answers, a party fails to comply with its discovery obligations under Federal

14 Rule 33.  *E.E.O.C. v. Kovacevich "5" Farms,* No. 106-0165, 2007 WL 1599772, *3 (E.D.

15 Cal. June 4, 2007).  Verifications remain an important aspect of discovery because they

16 allow the receiving party to trust that the responding party has attested to the truth of its

17 interrogatory responses.  *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 254 F.R.D.

18 463, 466-67 *aff'd,* 254 F.R.D. 470 (M.D. Fla. 2008.)  Thus, the failure to meet the simple

19 requirement of providing verifications can only be seen as a flagrant disregard of the

20 federal discovery rules.  *Saria v. Massachusetts Mut. Life Ins. Co.,* 228 F.R.D. 536, 540

21 (S.D.W. Va. 2005).

22     Defendants have refused to provide verifications to their interrogatory responses.

23 During the January 5, 2011 telephonic conference, Plaintiff reminded Defendants that

24 they had not yet provided verifications.  Defendants promised to provide verifications with

25 their forthcoming supplemental and amended responses.  Yet, Defendants' verifications

26 never came.    In  subsequent  correspondence  regarding  Defendants'  missing

27 supplemental and amended responses, Plaintiffs reminded Defendants again and again

28 about their need to verify their interrogatory responses.   Even so, Defendants have

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1  refused to produce verifications.  Thus, the Court should order Defendants to produce

2  verifications immediately.

3

4  **D.      Defendants refuse to serve their initial disclosures.**

5       Rule 26(a)(1) requires parties to serve their initial disclosures fourteen (14) days

6  after the initial scheduling conference or at a date agreed upon by the parties.  In the

7  Amended Rule 26(f) Report and Joint Case Management Statement, which Defendants

8  filed with the Court on November 16, 2010 [D.E. 50], the parties agreed to serve Initial

9  Disclosures no later than December 15, 2010.  Defendants never served their initial

10 disclosures.  Despite Plaintiff's efforts to meet-and-confer, Defendants have continued to

11 refuse to serve their initial disclosures.  The Court should order Defendants to serve their

12 initial disclosures immediately as required by Rule 26(a).

13

14 **E.      The Court should impose sanctions in the form of Plaintiff's attorneys' fees against Defendants.**

15      Federal Rule of Civil Procedure 37(a)(5) provides that if a motion to compel is

16 granted—or if the requested discovery is provided after the motion was filed—"the court

17 must, after giving an opportunity to be heard, require the party or deponent whose

18 conduct necessitated the motion, the party or attorney advising that conduct, or both to

19 pay the movant's reasonable expenses incurred in making the motion, including

20 attorney's fees."  Where a party shows that its several attempts to obtain answers to

21 interrogatories prior to filing a motion to compel were of no avail, the party is entitled to

22 an award of attorneys' fees to compensate it for the expense incurred in preparing the

23 motion.  *See Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996).  Such a

24 discovery sanction is a self-executing, automatic sanction to provide a strong inducement

25 for disclosure of material; no showing of bad faith or willfulness is required, and no

26 showing of prejudice to the opposing party is required.  *See Frontline Medical*

27 *Associates, Inc. v. Coventry Health Care*, 263 F.R.D. 567, 568 (C.D. Cal. 2009).  Thus,

28 the party facing discovery sanctions bears the burden of showing that its failure to

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1  comply with the discovery rules was justified.  *Id.; OracleUSA, Inc. v. SAP AG*, 264

2  F.R.D. 541, 545 (N.D. Cal. 2009).

3      Defendants have not—and cannot—make any showing of substantial justification

4  for their complete avoidance of the meet-and-confer process regarding Plaintiff's Second

5  Set of Interrogatories, and their failure to amend and supplement their responses to

6  Plaintiff's First Set of Discovery Requests.  Because Defendants have refused to provide

7  substantive responses to Plaintiff's discovery requests, despite multiple extensions and

8  meet-and-confer efforts, the Court should impose sanctions, in the form of Plaintiffs'

9  attorneys' fees, against Defendants and in favor of Plaintiff.  The Court should also

10  impose sanctions against Defendants for their chronic failure to provide verifications or

11  initial disclosures despite Plaintiff's repeated reminders.

12

13                          **CONCLUSION**

14      For the foregoing reasons, Plaintiff respectfully requests that the Court issue an

15  order: a) compelling Defendants to amend and supplement their responses to Plaintiff's

16  First Set of Set of Requests for Production, b) compelling Defendants to provide

17  responses to Plaintiff's Second Set of Interrogatories, c) compelling Defendants to

18  provide verifications for their responses to Plaintiff's First and Second Sets of

19  Interrogatories, and d) compelling Defendants to serve their initial disclosures, and e)

20  imposing sanctions, in the form of Plaintiff's attorneys' fees, against Defendants and in

21  favor of Plaintiff.

22  DATED:  February 15, 2011                Respectfully submitted,

23

24                                          **KRONENBERGER BURGOYNE, LLP**

25                                          BY:   /s/ Jeffrey M. Rosenfeld
                                                 Jeffrey M. Rosenfeld

26

27                                          Attorneys for Plaintiff
                                            DIGBY ADLER GROUP d/b/a BANDAGO

28