UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x   Chapter 7
In re

**IMAGE RENT A CAR, INC.,**
                      Debtor.

---------------------------------------------------------x

Case No. 11-42390 (NHL)

## JOINDER OF DEFENDANTS IN ADVERSARY PROCEEDING BROUGHT BY TRUSTEE TO DEBTOR'S MOTION OBJECTING TO CLAIM

Schneior Zilberman, Adir Group, Inc., Adir Rent a Car, Inc., Adir Plaza, Inc., and Gad Sebag ("Defendants"), by their attorneys, Rosenberg, Musso & Weiner, LLP, file this joinder to the Debtor's motion dated December 9, 2013 to expunge the claim of Creditor Digby Adler Group, LLC d/b/a Bandago ("Digby"), and respectfully represent as follows:

1. On or about October 4, 2012, Gregory Messer (the "Trustee") commenced adversary proceeding No. 12-01288 (NHL) (the "Adversary Proceeding"), against the Defendants and one other defendant in which the Trustee claimed that certain transfers by the Debtor to the Defendants were allegedly fraudulent and preferential. It should be noted that the attorney representing the Trustee in the Adversary Proceeding had previously represented Digby. Issue was joined in the Adversary Proceeding, and thereafter the Trustee and the Defendants in the Adversary Proceeding engaged in discussions and negotiations in an attempt to resolve the claims asserted by the Trustee without the need for protracted and costly litigation and to resolve this bankruptcy case. Defendants reached a settlement with the Trustee and the Trustee filed a motion under Rule 9019 to approve the settlement. Digby filed an objection to the settlement. Digby's objection argues that the Trustee agreed to settle the Adversary Proceeding for an amount less than Digby is entitled to receive for its claim in this bankruptcy case.

2. Defendants submit that they have standing to object to Digby's claim either as a stand alone objection or in connections with the pending contested proceeding on the settlement between the Trustee and Defendants. Defendants join in the Debtor's assertions that Digby does not have a claim in this case, or alternatively, that its claim is very small. This Court cannot resolve Digby's objection to the Trustee's motion to approve the settlement without deciding the amount of Digby's claim. The Defendants believe that the settlement amount is more than what will be necessary to pay all claims in this case and that they will receive a refund from the Trustee or they will not need to pay the entire settlement amount. This gives the Defendants a pecuniary interest in the outcome of the claim objection. Digby chose to object to the settlement. Having made the settlement motion a contested proceeding, it cannot not object to the Court deciding Digby's objection to the settlement. That decision can only be made if the Digby claim is fixed.

WHEREFORE, Defendants join in the objection to the Digby claim, respectfully request that this Court expunge Digby's claim or value Digby's claim at $1,450 for the purpose of this bankruptcy, overrule Digby's objection to the settlement, and grant such other and further relief as is just and proper.

Dated: Brooklyn, New York
January 29, 2014

Rosenberg, Musso & Weiner, LLP
Attorneys for Defendants

By: /s/

Bruce Weiner (BW-4730)
26 Court Street, Suite 2211
Brooklyn, New York 11242
(718) 855-6840