UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x    Chapter 7
In re

Case No. 11-42390 (NHL)

**IMAGE RENT A CAR, INC.,**
                    Debtor.

-------------------------------------------------------x

## RESPONSE OF DEBTOR AND DEFENDANTS IN ADVERSARY PROCEEDING TO CROSS MOTION TO STRIKE PROCEEDING AND TO DISMISS CASE

      Image Rent a Car, Inc., ("Debtor"), Schneior Zilberman, Adir Group, Inc., Adir Rent a Car, Inc., Adir Plaza, Inc., and Gad Sebag ("Defendants"), by their attorneys, Rosenberg, Musso & Weiner, LLP, file this response to the cross motion of Creditor Digby Adler Group, LLC d/b/a Bandago ("Digby") to strike the Debtor's objection to Digby's claim, to Digby's motion to dismiss, and for referral for investigation, and respectfully represent as follows:

      1.    On March 24, 2011 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") with this Court. By Notice of Appointment, Gregory Messer, Esq. was appointed the interim Chapter 7 Trustee (the "Trustee") of the Debtor's estate, and has since duly qualified and is the permanent Trustee in this case.

      2.    On May 24, 2011, Daniel Gershburg, Esq., filed a Notice of Appearance in the case on behalf of Digby. In July 2011, Mr. Gershburg, on behalf of Digby, filed a request for a Rule 2004 examination of the Debtor. After some litigation over the examination, in September 2011, Judge Rosenthal granted Digby's request for a Rule 2004 examination. After the examination was conducted, Mr. Gershburg convinced the Trustee to retain him as special counsel to the Trustee and in March 2012, the Trustee filed an application to retain Mr.

Gershburg. In May 2012, over the Debtor's objection, the Court authorized the Trustee to retain Mr. Gershburg.

3. On or about October 4, 2012, the Trustee commenced adversary proceeding No. 12-01288 (NHL) (the "Adversary Proceeding"), against the Defendants and one other defendant. The complaint was drafted by Mr. Gershburg and contains 245 paragraphs of allegations against the Defendants. The Debtor and Defendants question whether the Trustee would have brought the Adversary Proceeding without Mr. Gershburg's willingness to represent the estate. Defendants answered the complaint, denying all of the essential allegations in the complaint. Thereafter the Trustee and the Defendants in the Adversary Proceeding engaged in discussions and negotiations in an attempt to resolve the claims asserted by the Trustee without the need for protracted and costly litigation and to resolve this bankruptcy case. Defendants reached a settlement with the Trustee and in July 2013, the Trustee filed a motion under Rule 9019 to approve the settlement. Digby retained new counsel and filed an objection to the settlement. Digby's objection argues that the Trustee agreed to settle the Adversary Proceeding for an amount less than Digby is entitled to receive for its claim in this bankruptcy case. Defendants disagree and submit once the claim objection is resolved, it will be apparent that the settlement is more than sufficient to pay all claims.

4. The Debtor and the Defendants submit that they have standing to object to Digby's claim either as a stand alone objection or in connection with the pending contested proceeding on the settlement between the Trustee and Defendants. Defendants join in the Debtor's assertions that Digby does not have a claim in this case, or alternatively, that its claim is very small. This Court cannot resolve Digby's objection to the Trustee's motion to approve the settlement without deciding the amount of Digby's claim. The Defendants believe that the settlement amount is more

than what will be necessary to pay all claims in this case and that they will receive a refund from the Trustee or they will not need to pay the entire settlement amount. Alternatively, if the entire settlement amount is paid and Digby's claim is reduced to the amount that the Debtor believes is valid, the settlement will produce a surplus that will be payable to the Debtor. This gives the Debtor and Defendants a pecuniary interest in the outcome of the claim objection. That pecuniary interest gives the Debtor and the Defendants standing to object to the claim independent of the contested matter of the Trustee's settlement motion. Digby chose to object to the settlement. Having made the settlement motion a contested proceeding, it cannot not object to the Court deciding the objection. That decision can only be made if the Digby claim is fixed. Because the amount of Digby's claim is a necessary element of the resolution of Digby's objection to the Settlement, the Debtor and Defendants have standing to object to Digby's claim. For the reasons set forth in the Debtor's claim objection, Digby does not have a valid claim in this case, or its claim is very small. Digby's motion to strike the claim objection motion should be denied, its claim should be expunged, or greatly reduced, and its objection to the settlement should be overruled.

5. Digby's motion to dismiss this case should be denied. The Debtor filed its petition on March 24, 2011, almost three years ago. After the case was filed, Digby appeared in the case by counsel. Not only did Digby appear in the case, it actively participated in the case by obtaining an order for a Rule 2004 examination and conducting the examination. On January 10, 2012, Digby filed a claim in this case, once again submitting itself to the jurisdiction of this Court. Digby consented to its former attorney representing the Trustee in the Adversary Proceeding. Digby did not file a motion to dismiss until August 1, 2013, 29 months after the case was filed, 22 months after Digby formally appeared in this case, and 10 months after its former counsel

commenced the Adversary Proceeding against the Defendants. Digby only filed a motion to dismiss after the Trustee and the Defendants reached a settlement of the Adversary Proceeding. Digby's behavior goes beyond mere laches. The Debtor and the Defendants submit that the settlement will pay all allowed claims in this case. Faced with being forced to prove its claim, Digby instead moves to dismiss the case and engages in unproven *ad hominem* attacks on the Defendants designed to color this court's opinion of the Defendants. A litigant that uses the resources of a court, should not be permitted to reject that court, just because the matter is not going as they would like. Defendants believe that at the end of the day, when Digby is unable to prove its claim, this Court will find that the settlement pays more than what is necessary to pay all allowed claims and expenses and return a surplus to Defendants.

6. Defendants are not concerned about the outcome of any possible investigation, believing that they have given the Trustee sufficient documents to show that no bankruptcy fraud was committed. In the event that the Court finds that a referral is warranted, such referral should wait until the outcome of the pending motions.

WHEREFORE, Defendants and the Debtor respectfully request that this Court expunge Digby's claim or value Digby's claim at $1,450 for the purpose of this bankruptcy, overrule Digby's objection to the settlement, deny Digby's motion to dismiss this case, and grant such other and further relief as is just and proper.

Dated: Brooklyn, New York
January 29, 2014

Rosenberg, Musso & Weiner, LLP
Attorneys for Defendants

By:     /s/

Bruce Weiner (BW-4730)
26 Court Street, Suite 2211
Brooklyn, New York 11242
(718) 855-6840